IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BONNIE HERNANDEZ,**

    Plaintiff,

vs.	Case No. 4:23cv319-MW-MAF

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

## O R D E R

Plaintiff, represented by counsel, filed a complaint on July 24, 2023. ECF No. 1.  The complaint presents a negligence claim pursuant to the Federal Tort Claims Act.  A summons was returned executed on August 1, 2023, ECF No. 6, indicating that an answer is due on or before September 25, 2023.

Chief United States District Judge Mark E. Walker has entered an Order referring this case to the undersigned pursuant to Local Rule 72.2(C).  ECF No. 5.  Notwithstanding, an Initial Scheduling Order was entered by Judge Walker on August 2, 2023.  ECF No. 7.

The practice of the undersigned is to await entry of an Initial Scheduling Order until after the filing of an answer or resolution of a motion to dismiss. That is especially true in this case as it may not be possible for counsel to confer within 30 days as directed, *see* ECF No. 7 at 3, since a notice of appearance of counsel has not yet been filed for the Government. In light there of, the parties need not comply with the Initial Scheduling Order and may await entry of a subsequent Order by the undersigned.

In addition, Plaintiff's complaint has been reviewed to ensure that jurisdiction exists. That review does not reveal any mention of when and how Plaintiff exhausted administrative remedies.

The Federal Tort Claims Act (FTCA) "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993). The administrative exhaustion requirement is jurisdictional; thus, a "federal court may not exercise jurisdiction over a suit under the FTCA unless" the Plaintiff has exhausted administrative remedies. Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)). Notably, the Bureau of Prisons "has promulgated regulations describing how prisoners should file administrative

FTCA claims against the BOP." Douglas v. United States, 814 F.3d 1268, 1279 (11th Cir. 2016) (citing 28 C.F.R. § 543.30).

"Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020). This obligation cannot be taken lightly. Therefore, Plaintiff must file a response to this Order which demonstrates that administrative remedies were exhausted prior to filing this lawsuit. Plaintiff's response is due on or before **August 23, 2023**. The failure to "allege facts sufficient to show that [Plaintiff] exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA—" will result in dismissal of the complaint. Pompey v. Coad, 314 F. App'x 176, 179 (11th Cir. 2008).

Accordingly, it is

**ORDERED:**

1. The parties need not comply with the Initial Scheduling Order ["ISO"], ECF No. 7, entered on August 2, 2023. A subsequent ISO will be entered at a later date.

2. Plaintiff must file a response to this Order no later than **August 23, 2023**, which demonstrates that Plaintiff exhausted administrative remedies prior to initiating this lawsuit.

3. The Clerk of Court shall return this file upon receipt of Plaintiff's response to this Order or no later than August 23, 2023.

**DONE AND ORDERED** on August 3, 2023.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE