# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

BONNIE HERNANDEZ,

    Plaintiff,

vs.                                               Case No. 4:23cv319-MW-MAF

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER TO SHOW CAUSE

Plaintiff, represented by counsel, filed a complaint on July 24, 2023. ECF No. 1. The complaint presents a negligence claim pursuant to the Federal Tort Claims Act, and it appears that a summons was returned executed on August 1, 2023, ECF No. 6, making an answer to the complaint due on or before September 25, 2023. At this point, a notice of appearance of counsel has not yet been filed for the Government.

Nevertheless, Plaintiff's complaint was reviewed soon after filing to ensure that jurisdiction[1] exists. Following that review, an Order was

---

[1] "Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020).

entered pointing out that the complaint omits any mention of when and how Plaintiff exhausted administrative remedies.  The Federal Tort Claims Act (FTCA) "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).  Because the administrative exhaustion requirement is jurisdictional[2] and a "federal court may not exercise jurisdiction over a suit under the FTCA unless" the Plaintiff has exhausted administrative remedies, Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)), Plaintiff was required to file a response which demonstrates that administrative remedies were exhausted prior to filing this lawsuit.  ECF No. 8.  Plaintiff's response was due on or before August 23, 2023, but as of this date, nothing further has been filed.

Plaintiff must now do two things.  First, Plaintiff must demonstrate exhaustion of administrative remedies.  Second, Plaintiff must show good cause for failing to comply with the prior Order.  Plaintiff's deadline is

---

[2] Notably, the Bureau of Prisons "has promulgated regulations describing how prisoners should file administrative FTCA claims against the BOP."  Douglas v. United States, 814 F.3d 1268, 1279 (11th Cir. 2016) (citing 28 C.F.R. § 543.30).

Case No. 4:23cv319-MW-MAF

**September 11, 2023**.  If Plaintiff does not respond, a recommendation will be made to dismiss this case.

Accordingly, it is

**ORDERED:**

1.  Plaintiff must file a response to this Order no later than **September 11, 2023**, which demonstrates that Plaintiff exhausted administrative remedies prior to initiating this lawsuit.

2.  Plaintiff must file a response to this Order no later than **September 11, 2023**, which shows good cause for the failure to comply with the prior Order, ECF No. 8.

3.  The Clerk of Court shall return this file upon receipt of Plaintiff's response to this Order or no later than September 12, 2023.

**DONE AND ORDERED** on September 1, 2023.

                                                **S/   Martin A. Fitzpatrick**
                                                **MARTIN A. FITZPATRICK**
                                                **UNITED STATES MAGISTRATE JUDGE**