# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BONNIE HERNANDEZ,**

     **Plaintiff,**

**vs.**                                                    **Case No. 4:23cv319-MW-MAF**

**UNITED STATES OF AMERICA,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on July 24, 2023.  Plaintiff, who is represented by counsel, filed a complaint, ECF No. 1, which asserts a negligence claim pursuant to the Federal Tort Claims Act.  Summons was issued the next day, and it appears that a summons was returned executed on August 1, 2023, ECF No. 6, making an answer to the complaint due on or before September 25, 2023.  However, as of this date, a notice of appearance of counsel has not yet been filed for the Government.

This case was referred to the undersigned pursuant to Local Rule 72.2(C) and 28 U.S.C. § 636(b)(1)(B).  ECF No. 5.  Thereafter, Plaintiff's

complaint was reviewed to ensure that jurisdiction[1] exists.  Because the

complaint omitted any mention of when and how Plaintiff exhausted

administrative remedies, an Order was entered on August 3, 2023,

requiring Plaintiff to demonstrate that administrative remedies were

exhausted prior to filing this lawsuit.  ECF No. 8.

Plaintiff's response was due on or before August 23, 2023, but when

nothing further was filed, an Order to Show Cause was entered on

September 1st.  ECF No. 9.  That Order required Plaintiff to do two things.

*Id.*  First, Plaintiff was directed to demonstrate exhaustion of administrative

remedies.  Second, Plaintiff was required to show good cause for failing to

comply with the prior Order.  Plaintiff's deadline to comply was **September**

**11, 2023**.  *Id.*  Importantly, the Order warned that if Plaintiff did not

respond, a recommendation would be made to dismiss this case.  Once

again, no response to the Order has been filed.

The Federal Tort Claims Act (FTCA) "bars claimants from bringing

suit in federal court until they have exhausted their administrative

remedies."  McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980,

---

[1]"Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute."  Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020).

1984, 124 L. Ed. 2d 21 (1993).  Because the administrative exhaustion requirement is jurisdictional[2] and a "federal court may not exercise jurisdiction over a suit under the FTCA unless" the Plaintiff has exhausted administrative remedies, Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)), Plaintiff was twice required to file a response which demonstrates that administrative remedies were exhausted prior to filing this lawsuit.  ECF No. 8.  Having failed twice to comply with Court Orders, Plaintiff should not be given a third opportunity. It appears that Plaintiff has abandoned this litigation.

       "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d

---

       [2] Notably, the Bureau of Prisons "has promulgated regulations describing how prisoners should file administrative FTCA claims against the BOP."  Douglas v. United States, 814 F.3d 1268, 1279 (11th Cir. 2016) (citing 28 C.F.R. § 543.30).

1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and did not respond to two Court Orders.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.