# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BONNIE HERNANDEZ,

    Plaintiff,

vs.                                          Case No. 4:23cv319-MW-MAF

UNITED STATES OF AMERICA,

    Defendant.

_____/

## O R D E R

This Order is entered to address three issues. The first is that a summons was returned executed on August 1, 2023, ECF No. 6, making an answer to the complaint due on or before September 25, 2023. However, as of this date, a notice of appearance of counsel has not yet been filed for the Government. It is unclear whether the Defendant has properly been served with process as the return of service shows only that a docketing clerk in the United States Attorneys Office in Tallahassee, Florida, was given a summons, complaint, and civil cover sheet. *Id.* The service notes that the "registered agent was not in the office or was otherwise unavailable" when the service documents were delivered. *Id.*

That service effort does not comply with Federal Rule of Civil Procedure 4(i)(1)(A) which directs that service on the United States is carried out by delivering:

> (i) a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk - or (ii) send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office . . . ."

Fed. R. Civ. P. 4(i)(1)(A).  There is no indication that the "docketing clerk" is the employee designated to accept service.

Another potential deficiency in this service efforts is that Rule 4(i) also requires service on the United States to include sending a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(B).  There is no indication that Plaintiff did so.  The Court is concerned that a notice of appearance of counsel for the United States has not been filed because service was not appropriately carried out, and the 90-day deadline for serving the Defendant is fast approaching.  *See* Fed. R. Civ. P. 4(m).

The second issue is that Plaintiff, who is represented by counsel, was ordered to demonstrate that Plaintiff exhausted administrative remedies as required by the Federal Tort Claims Act so the Court could ensure that jurisdiction[1] exists.  ECF No. 8.  Notably, the complaint omitted any mention of when and how Plaintiff exhausted administrative remedies, and exhaustion is a jurisdictional prerequisite.  28 U.S.C. § 2675(a)); *see* Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (stating a "federal court may not exercise jurisdiction over a suit under the FTCA unless" the Plaintiff has exhausted administrative remedies).  Thus, Plaintiff was given until August 23, 2023, to respond and demonstrate that administrative remedies were exhausted prior to filing this lawsuit..  ECF No. 8.

When Plaintiff failed to respond, an Order to Show Cause was entered on September 1st.  ECF No. 9.  That Order required Plaintiff to do two things: (1) demonstrate exhaustion of administrative remedies and (2) show good cause for failing to comply with the prior Order.  *Id.*  Plaintiff's deadline to comply was September 11, 2023.  *Id.*  Again, no response was

---

[1]"Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute."  Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020).

received.  On September 20, 2023, a Report and Recommendation was entered, ECF No. 10, recommending dismissal of this case.

On September 29th, Plaintiff, through counsel, filed a "response." ECF No. 11.  Plaintiff advises that an "email forwarding issue" caused counsel to not receive the prior Court Orders.  *Id.* at 2.  Counsel apologizes for missing deadlines, and asserts that Plaintiff exhausted administrative remedies on November 1, 2022, prior to filing the complaint.  *Id.* at 3.  In light of that response, the case should be permitted to proceed.  Plaintiff has explained the failure to comply and demonstrated exhaustion.

That raises the third issue.  A Report and Recommendation has been entered in this case.  ECF No. 10.  Plaintiff has not filed an objection to the recommendation or filed a motion for reconsideration.  The response will, nevertheless, be considered as a motion for reconsideration.  Because it appears that Plaintiff has not abandoned this litigation, the Report and Recommendation will be vacated.  However, for this case to proceed further, Plaintiff must ensure that service was properly carried out on the named Defendant.


Accordingly, it is

**ORDERED:**

1.  Plaintiff's response, ECF No. 11, is also construed as a motion for reconsideration and is **GRANTED**.

2.  The Report and Recommendation, ECF No. 10, is **VACATED**.

3.  Plaintiff must ensure that service is properly carried out on the named Defendant pursuant to Rule 4[2] by Monday, October 23, 2023.

**DONE AND ORDERED** on October 3, 2023.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Rule 4 provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).