IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BONNIE HERNANDEZ,

     Plaintiff,

vs.                         Case no. 4:23-cv-319-MW/MAF

UNITED STATES OF AMERICA,

     Defendant.

_____/

## <u>UNITED STATES' MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND MEMORANDUM OF LAW IN SUPPORT</u>

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................... 2

BACKGROUND ........................................................................................ 3

LEGAL STANDARDS .............................................................................. 4

ARGUMENT ............................................................................................. 7

    I.    Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. P. 8(d)(1) and 10(b). .............................................................................. 7

II.   The Amended Complaint is a shotgun pleading and should be dismissed. 10

    A.    The Amended Complaint is vague concerning the essential elements of Counts One and Two. .............................................................. 11

    B.    Plaintiff's claim for intentional infliction of emotional distress is impermissibly vague and requires a more definite statement. ..................... 16

    III.   The Court lacks subject matter jurisdiction regarding Counts Three, Four, and Five. ..................................................................... 18

CONCLUSION .......................................................................................... 24

CERTIFICATE OF COMPLIANCE WITH RULES 7.1(B) AND 7.1(D) .... 24

CERTIFICATE OF COMPLIANCE WITH RULE 7.1(F) .......................... 24

# PRELIMINARY STATEMENT

On May 28, 2015 Plaintiff was sentenced to 192 months imprisonment followed by five years of supervised release for drug, firearm, and financial crimes. This action concerns Plaintiff's incarceration at FCI Tallahassee where she alleges sexual abuse by a corrections officer, Lenton Jerome Hatten

("Hatten").   Plaintiff brought her claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346, 2671-80 (ECF 28, ¶16).

Plaintiff's Amended Complaint should be dismissed for the following reasons.  First, the pleading fails to comply with Fed. R. Civ. P. 8 and 10 because it contains repetitive, argumentative, prolix, unnecessarily detailed, and at times wholly irrelevant allegations.  Second, the Amended Complaint is a shotgun pleading.  Third, the Amended Complaint presents unclear claims for negligence because it does not clearly allege who owed and breached a duty to Plaintiff.  Fourth, the Amended Complaint is impermissibly vague as to who did what to support her claim for intentional infliction of emotional distress.  Fifth and lastly, the Court lacks subject matter jurisdiction to consider Counts Three through Five.

## BACKGROUND

Plaintiff alleges that she was sexually abused and assaulted by Hatten over an unspecified period, which escalated to forcible rape in or around October 2021.  In or around August 10, 2022, Plaintiff reported sexual abuse to BOP personnel.  On April 4, 2023, Hatten was indicted.  He pled guilty on May 25, 2023, and was sentenced to three months imprisonment.

Plaintiff filed suit on July 24, 2023. (ECF 1).  Plaintiff's initial Complaint asserted only one count for Negligence.  The Court granted Plaintiff leave to

substitute her attorney and to file an amended complaint.  On February 16, 2024 Plaintiff filed the Amended Complaint (ECF 28) which now asserts claims for negligence (Count One), negligent infliction of emotional distress (Count Two), intentional infliction of emotional distress (Count Three), sexual battery (Count Four), and sexual assault (Count Five).  On March 1, 2024 Defendant filed a Consent Motion to Extend the time to respond to the Amended Complaint (ECF 29) and the Court granted that Motion requiring a response by April 30, 2024 (ECF 30).

## LEGAL STANDARDS

"A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Burek, Inc. v. AmGuard Ins. Co.*, No. 8:23-cv-381-KKM-AEP, 2023 WL 3166464, at *1-2 (M.D. Fla. Apr. 28, 2023) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Shotgun pleadings violate Rule 8 which requires 'a

short and plain statement of the claims showing that the pleader is entitled to relief.'" *Vibe Micro, Inc. v. Shabanets*, 878 F. 3d 1291, 1295-96 (11th Cir. 2018) *citing* Fed. R. Civ. P. 8(a). A shotgun pleading occurs where each count adopts the allegations of all preceding counts. *Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117, 1126 (11th Cir. 2014); *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F. 3d 1273, 1279 (11th Cir. 2006).

The United States has sovereign immunity from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32 (1992); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff bears the burden of establishing subject matter jurisdiction and, thus, must prove an explicit waiver of immunity. *See Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007).

A motion under Rule 12(b)(1) asserting lack of subject-matter jurisdiction may either be a "facial" or "factual" attack on a court's jurisdiction to hear the case. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990); *see also Hakki v. VA*, 7 F.4th 1012, 1022-23 (11th Cir. 2021) (*contrasting facial and factual attacks on jurisdiction*). Where, as here, a defendant makes a facial attack, the Court looks to the pleadings to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Lawrence*, 919 F.2d at 1529 (quotation

omitted). If a court finds it lacks jurisdiction, it is "without power to enter judgment ... and must dismiss the case." *Hakki*, 7 F.4th at 1023.

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is designed to eliminate counts or complaints that fail to state a claim upon which relief can be granted." *Silhan v. Allstate Ins. Co.*, 236 F. Supp. 2d 1303, 1307 (N.D. Fla. 2002). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Federal Rule of Civil Procedure 12(e) provides that a party 'may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Sawyer v. Campus USA Credit Union*, Case no. 1:21-cv-85-MW-GRJ, 2021 WL 5283947, *3 (N.D. Fla. Aug. 11, 2021) (*holding that despite a rather detailed complaint the pleading failed to state in short and plain terms how each of the defendant's complained-of actions amounts to a violation of law for which the defendant was liable to plaintiff for damages*), *see also Young v. PNC Financial Services*

*Group, Inc.*, Case no. 3:13-cv-344-MCR-EMT, 2013 WL 12212314, *2 (N.D. Fla. Sep. 26, 2013).

## ARGUMENT

### I.    Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. P. 8(d)(1) and 10(b).

Federal Rule of Civil Procedure 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct . . ." Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, **each limited as far as practicable to a single set of circumstances** . . ." (emphasis added). "Complaints that fail to comply with rule 8 impose 'a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated accounts.'" *Lopez v. Resort Sales Consulting, LLC*, No. 17-CV-23992-UU, 2018 WL 11459858, at *1 (S.D. Fla. Sept. 12, 2018) *(internal citations omitted)*. "In mandatory language Rule 8(a) requires that a complaint shall contain brief and clearly stated allegations sufficient to show jurisdiction and to specify the claim or claims for relief asserted in the complaint. Allegations beyond that are redundant and undesirable." *Silver v. Queen's Hospital*, 53 F.R.D. 223, 225 (D. Haw. 1971). "Paragraphs containing numerous

factual allegations are difficult to answer properly." *Coleman v. Starbucks*, Case no. 6:15-cv-217-Orl-22TBS, 2015 WL 13792021, *2 (M.D. Fla. Feb. 17, 2015) *citing Brown v. Joseph McCormick Constr. Co.*, Case no. 14-27-Erie, 2014 WL 6612892 at *1 & n. 1 (W.D. Pa. Nov. 20, 2014). Complaints containing repetitive, unnecessarily detailed, and at times wholly irrelevant allegations are subject to dismissal for failure to comply with Fed. R. Civ. P. 8. *Yeyille v. School Board of Miami-Dade County*, Case no. 14-24624-CIV-ALTONAGA/O'Sullivan, 2015 WL 11233428, *4 (S.D. Fla. Jun. 15, 2015). *See also Guo v. Rosen*, Case no. 20-62363-CIV-COHN/STRAUSS, 2021 WL 6752506, *4 (S.D. Fla. May 28, 2021) (*dismissing a complaint for failure to comply with Fed. R. Civ. P. 8 & 10 as being replete with conclusory, vague, and immaterial allegations rendering it unclear and confusing*).

"In pleading, as in many aspects of life, quality matters more than quantity." *Lawri v. Ginn Development Company, LLC*, 656 Fed.Appx. 464, 465 (11th Cir. 2016) (*affirming dismissal of complaint*). Before reaching her first claim for relief, Plaintiff alleges 133 paragraphs across 46 pages. Much of the Amended Complaint is argumentative or narrative containing immaterial facts, lengthy assertions, speculations, and conclusory statements. (ECF 28, ¶¶8, 9, 14, 37, 42, 43, 45, 47-55, 58, 60, 61, 63-73, 79, 80, 88, 90, 91, 92, 93, 95, 97, 98, 99-120). The Amended Complaint is replete with unnecessary averments such as, for

example, that Officer Hatten used the prison as his "personal brothel" (ECF 28, ¶54), that he had a reputation as a "pervert" (*Id.* at ¶48), excessively detailed and speculative accounts of Officer Hatten's motives (*Id.* at ¶49), claims about verbal abuse by other officers (*Id.* at ¶50), and that Hatten had a reputation as a "sexual predator" (*Id.* at ¶62).

In one section of the pleading bearing the spectacular title "History of Sexual abuse at FCI Tallahassee – 'Den of Despair'", Plaintiff spends 14 paragraphs making allegations about unrelated incidents and officers at both FCI Tallahassee and nationally. This is a small sampling of the unnecessary, immaterial, and irrelevant averments throughout the pleading.

Counts Three through Five allege intentional torts that are seemingly premised upon the individual acts of Hatten. However, those counts incorporate by reference the preceding 184 allegations, including numerous allegations which are immaterial to Counts Three through Five including, without limitation, paragraphs 48-76, 88-89, 95, 97, 108, 111-114, and 121-123. The foregoing allegations are immaterial to the elements of the causes of action for intentional infliction of emotional distress, sexual battery, and sexual assault. As framed, the Amended Complaint cites to dozens of paragraphs about the acts or omissions of other individuals, the purported history of abuse at FCI Tallahassee, and allegations about duty and breach relevant only to negligence

actions, in support of the plaintiff's claims for the intentional conduct of Hatten. The Amended Complaint's prolix allegations and structure stymy the Defendant from clearly discerning the facts purportedly giving rise to the specific claims for relief, and from framing a defense.

## II.   The Amended Complaint is a shotgun pleading and should be dismissed.

The Amended Complaint is a shotgun pleading and should be dismissed pursuant to R. 8(a)(2) and 12(b)(6).  A shotgun pleading occurs where each count adopts the allegations of all preceding counts.  *Paylor*, 748 F. 3d at 1126; *Wagner*, 464 F. 3d at 1279 (11th Cir. 2006) ("*Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.*").   Each of the five counts in the Amended Complaint "repeats, reiterates, and incorporates by reference each of the foregoing paragraphs with the same force and effect as if fully set forth . . . ."  (ECF 28, ¶¶175, 185, 199, 209).

The Eleventh Circuit has explained there are four types of shotgun pleadings.  *Rudder v. Wyrosdick*, 2023 WL 2562794, *3 (N.D. Fla. Jan. 18, 2023). Of those four types discussed in *Rudder*, the Amended Complaint meets two of those categories because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"

and "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro,* 878 F. 3d at 1295 (internal citations omitted).

Paragraphs 175, 185, 199, and 209 of the Amended Complaint incorporate by reference all preceding allegations—a textbook shotgun pleading. Plaintiff's Amended Complaint should be dismissed and if the shotgun nature of the pleading is not corrected in her Second Amended Complaint, the Court should dismiss the matter with prejudice. *Id.* at 1296.

### A. The Amended Complaint is vague concerning the essential elements of Counts One and Two.

Counts One and Two are for negligence and negligent infliction of emotional distress, respectively. Both claims fail to provide clear allegations of a valid duty under Florida law, a duty consistent with the FTCA's requirement of a private person analog, and allegations as how a legally valid duty was breached. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (*reciting the elements of negligence under Florida law*); 28 U.S.C. §2680(a) (discretionary function exception); *and In re Marjory Stoneman Douglas High School Shooting FTCA Litigation*, 482 F. Supp. 3d 1273, 1280 (S.D. Fla. Aug. 31, 2020) (*discussing the requirement of a private person analog under the FTCA*).

Defendant requests a more definite statement, pursuant to Fed. R. Civ. P. 12(e), requiring separate statements of claims by way of separate counts for duties owed by BOP as an institution versus duties owed and breached by individual corrections officers. To the extent Plaintiff alleges negligence based on the acts and/or omissions of individuals, Plaintiff should clearly allege which individuals were negligent rather than making vague reference to every conceivable category of employee at FCI Tallahassee.

It appears, though it is not clear, that Plaintiff alleges conduct of both BOP and individual correctional officers or other personnel. Plaintiff vaguely and overbroadly alleges that Defendant United States hired eleven categories of personnel "including but not limited to wardens, associate wardens, executive staff, supervisors, captains, department heads, lieutenants, unit managers, counselors, correctional officers, and investigators." (ECF 28, ¶136). These broad categories of unnamed individuals, together with Hatten, are vaguely alleged to be the countless unnamed individuals for whom the United States is responsible. The Amended Complaint asserts all of these unnamed individuals were acting in the course and scope of their employment (ECF 28, ¶136-37). The Amended Complaint also makes certain allegations about the conduct of Officers Jones, Love, Mitchell, Jackson, Adamson, and Lieutenant FNU Paramour (ECF 28, ¶¶50-54, 110). The Amended Complaint does not clearly

state whether their conduct is a basis for the negligence counts and, if so, whether the pleading alleges duties owed and breached by them in their individual capacity as corrections officers, or whether their conduct is imputed to BOP as a basis for alleging that BOP breached a duty owed to Plaintiff.

In addition to seemingly asserting the conduct of a multitude of unidentified individuals as tortfeasors, Plaintiff also alleges the United States "acting through the BOP, was responsible for the operation, control, supervision, policy, practice, implementation, and conduct of all federal correctional matters, including at FCI Tallahassee and was responsible for the hiring, retention, training, supervision, management, discipline, and conduct of all BOP personnel, including but not limited to Officer Hatten." (ECF 28, ¶28). As pled, the Amended Complaint appears to premise the negligence counts on both acts and omissions of individuals as well as BOP as an institution.

In her negligence claim in Count One, Plaintiff alleges that it was "Defendant's" duty to:

(a) To ensure that correctional and/or administrative personnel with a history of assaults were not allowed to harm or injure other incarcerated people;

(b) To maintain, operate, and control FCI Tallahassee as a safe and secure space for persons in it, including but not limited to Plaintiff;

(c) To provide adequate custody, control, supervision, and monitoring to persons at FCI Tallahassee, including but not limited to Plaintiff; and

(d) To adequately protect incarcerated people, including Plaintiff from foreseeable harm inflicted by BOP personnel known to be dangerous, including Hatten.

(ECF 28, ¶140-143). Count Two for negligent infliction of emotional distress incorporates Count One and alleges no other duties or breaches beyond that alleged in Count One and relies on the allegations of Count One (ECF 28, ¶¶175-184).

Plaintiff then alleges one breach:

Defendant, United States, individually or through its agents, servants, contractors, and/or employees, acting within the scope of their office or employment, breached each of the foregoing duties that they owed to Plaintiff by failing to take adequate steps to protect her from Officer Hatten promptly, despite the obvious risks presented by Officer Hatten, a known predator in uniform (ECF 28, ¶144).

It is not clear from the allegations of the Amended Complaint whether Plaintiff is alleging duties and breaches by BOP, the named officers, some unspecified number of unidentified employees, or a combination of the three.

A clearer statement is necessary for Defendant to discern the legal basis for Plaintiff's claims as well as defenses that may be asserted including, without limitation, the discretionary function exception to the Federal Tort Claims Act,

as well as whether Plaintiff has properly alleged a duty that invokes the Court's jurisdiction by way of a private person analog that is required under that statute. Combining claims which appear to allege duties owed and breached by an institution such as BOP together in one count with duties alleged to be owed and breached by eleven categories of unidentified individuals fails to meet the pleading requirements of the federal rules and does not clearly state a claim upon which relief can be granted.

As to any claims which may be premised on the acts or omissions of individual employees, Defendant requests a more definite statement as to who precisely the tortfeasor(s) are, rather than vague references to the eleven different categories of personnel described in paragraph 136 of the Amended Complaint. If Plaintiff alleges individuals acting in their individual capacity were negligent, she should identify those individuals in her Amended Complaint as opposed to naming every conceivable category of employee and administrator at FCI Tallahassee. This degree of clarity is necessary to evaluate whether a valid duty under Florida law and the FTCA has been alleged. Defendant recognizes that Rule 12(e) is not intended to be a substitute for discovery. However, under the circumstances of this case, a more definite statement is required to, at a minimum, clarify the group of individuals who breached a duty owed to Plaintiff, the nature of the duties alleged, and tying the alleged conduct to the

specific alleged tortfeasor(s).  *See Al-Rayes v. Willingham*, Case no. 3:15-cv-107-J-34JBT, 2016 WL 6080826 (M.D. Fla. Aug. 15, 2016) (*dismissing a 66-page complaint with 202 paragraphs incorporated into each of its nine counts yet failing to sufficiently tie the specific allegations to the specific claims that requested specific relief*.).

### B.  Plaintiff's claim for intentional infliction of emotional distress is impermissibly vague and requires a more definite statement.

Plaintiff's claim for intentional infliction of emotional distress fails to clearly allege who engaged in alleged intentional conduct and what acts or omissions were intentional or reckless.  Therefore, a more definite statement is required pursuant to Rule 12(e).  Count Three begins by improperly incorporating the preceding negligence counts and goes on to state that "[t]he acts and omissions of FCI Tallahassee personnel including officer Hatten . . ." meet the standards of intentionally tortious conduct ECF 28, ¶186).  It appears, though it is not clear, that Plaintiff is alleging intentional conduct on the part of vaguely described "agents, servants, contractors, and/or employees."  Insofar as Plaintiff is alleging that individuals engaged in intentionally tortious conduct toward Plaintiff, she should be required to clearly identify those individuals.  Plaintiff seems to assert that these unidentified individuals "subject[ed] Plaintiff to sexual acts while she was incarcerated in their custody."  (ECF 28, ¶182).  It is unclear from the Amended Complaint what within the preceding 184

paragraphs is pled to support the allegation of intentional conduct and the subjection of Plaintiff, on the part of others, to sexual acts by Hatten.

As far as Count Three seeks recovery only for the intentional acts of Hatten himself, the pleading is better understood. However, Plaintiff's use of the pronouns "they" and "their" in conjunction with the broad reference to "Defendant United States, individually or through its agents, servants, contractors, and/or employees" (ECF 28, ¶187) makes it unclear whether Count Three is premised upon the intentional conduct of Hatten or the conduct of some other unspecified number of unnamed employees of FCI Tallahassee.

Under Florida law, the elements of a claim for intentional infliction of emotional distress require a plaintiff to plead and prove (1) the wrongdoer's conduct was intentional or reckless, that it is, the behavior was intended when the actor knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Deauville Hotel Management, LLC v. Ward*, 219 So. 3d 949, 954-55 (Fla. 3d DCA 2017). The Amended Complaint does not clearly allege who is the "wrongdoer" for the purpose of this claim, and the United States is entitled to know. Plaintiff should be required to clearly allege the identity of the wrongdoer

for purposes of Count Three and plead in a clear concise manner the conduct on that person's part that was intentional or reckless.

### III.    The Court lacks subject matter jurisdiction regarding Counts Three, Four, and Five.

Counts Three through Five seek recovery for intentional torts which cannot be recovered in an FTCA claim.  Therefore, the Amended Complaint fails to state a valid cause of action and the Court lacks subject matter jurisdiction.  Counts Three through Five should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The FTCA only allows suits for torts committed by a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In determining whether a tortfeasor's conduct occurred within the scope of his or her employment, the state law of where the incident took place applies. *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) ("*The question of whether an employee's conduct was within the scope of his employment is governed by the law where the incident occurred.*"); *see also Hunter v. United States*, 825 F. App'x 699, 701 (11th Cir. 2020).  The alleged intentional conduct of Hatten was not conduct within course and scope of his employment and therefore cannot serve as the basis for an FTCA claim against Defendant.

Insofar as Count Three relies upon the intentional or reckless conduct of Hatten, such conduct is not within the course and scope of his employment.

Counts Four and Five, for sexual battery and sexual assault respectively, clearly allege only the intentional conduct of Hatten that is outside the course and scope of his employment. The United States has not waived sovereign immunity for these claims.

In Florida, an act is within the scope of employment if it (1) is the kind of act the employee is employed to perform; (2) was motivated by a purpose to serve the master; and (3) occurs substantially within the time and space of employment. Lawrence, 919 F.2d at 1528. "The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration." *McGhee v. Volusia Cty.*, 679 So. 2d 729, 731 (Fla. 1996).

"Florida courts have generally held sexual torts to be outside the scope of employment." *Hunter,* 825 F. App'x at 702. Similarly stated, "[s]exual assaults and batteries committed by employees are generally held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." *Z.M.L. v. D.R. Horton, Inc.*, No. 8:20-cv-672-KKM-SPF, 2021 WL 3501099, at *6 (M.D. Fla. June 11, 2021) (*quoting Goss v. Human Servs. Ass., Inc.*, 79 So. 3d 127, 132 (Fla. 5th DCA 2012)); *Carter v. AOL*, 208 F. Supp. 2d 1271, 1279 (M.D. Fla. 2001) (*"[S]exual misconduct by employees is generally held to be outside the scope of employment*."); *see also Peluso v. United States*, Case no. 10–80076–CIV, 2011 WL 902624, at *4 (S.D. Fla. Mar. 8, 2011)

("[S]exual harassment amounting to assault and battery normally does not fall under the FTCA."). This is "because personal gratification motivates sexual misconduct—instead of serving the employer." *Linke v. United States*, Case no. W–14–CV–444, 2015 WL 12743611, at *3 (W.D. Tex. Mar. 31, 2015). Unless a plaintiff can show the abuse was in furtherance of the employer's business (as opposed to self-gratification), this type of conduct is outside the scope of employment. *Doe*, 2017 WL 5068883 at *2 (*alleged rape "outside the scope of a high-school instructor's (or anyone else's) office or employment"*).

Specifically as to law enforcement officers, sexual assaults fall outside an officer's scope of employment, because they are not hired to commit sexual assault, *Hemmings v. Jenne*, Case no. 10–61126–CIV, 2010 WL 4005333, at *4 (S.D. Fla. Oct. 12, 2010) (*sheriff deputy "not hired to sexually assault mothers"*); *accord Doe v. Cramer*, Case no. 8:17-cv-1678-T-23TGW, 2017 WL 5068883, at *2 (S.D. Fla. Aug. 10, 2018) ("*[N]either the United States nor the School Board authorized rape.*"), and because such conduct is not motivated to serve a law enforcement interest. *S.D. v. City of Cape Coral*, No. 2:17-cv-111-JES-MRM, 2017 WL 4342363, at *3 (M.D. Fla. Sept. 9, 2017) (*sexual assault by police officer transporting plaintiff not "in furtherance of City's business"*).

This is equally true in the prison context. *D.L. v. Youth Servs. Int'l*, Case no. 10–61902–CIV–MOORE, 2011 WL 13216918, at *9-10 (S.D. Fla. Apr. 21,

2011) (*sexual assault by prison counselor "clearly not motivated to serve [employer]"*); *see also Shirley v. United States*, Case no. 4:03-CV-1385-Y, 2006 WL 708651, at *3 (N.D. Tex. Mar. 21, 2006) ("*In sexually assaulting [inmate], [officer] stepped aside from his employment to accomplish his own, rather than the United States,' purpose.*"); *Davis v. United States*, 474 F. Supp.2d 829, 832 (N.D. Tex. 2007) *("[W]hen a prison guard turns from the duties of the job to violate BOP policy and the law by intentionally raping an inmate, the government is not liable for his intentional, criminal actions."*).

Further, because the inquiry turns on whether the misconduct was activated by a purpose to serve the employer, *McGhee*, 679 So. 2d at 731, it does not suffice to merely allege the misconduct occurred within the time and space limits of employment—or, for example, while the officer was on duty, in uniform, or at his place of employment. *See Doe*, 2018 WL 8265221, at *3-4 ("*Even though Defendant [] is alleged to have been on duty and in uniform, this is not enough to render the acts within the scope of his employment.*"); *D.L.*, 2011 WL 13216918, at *10 (*outside scope even though "within the time and space limits"*); *Hemmings*, 2010 WL 4005333, at *4 (*outside scope despite being on duty, in uniform, and executing warrant*); *Mason v. Fla. Sheriff's Self-Ins. Fund*, 699 So. 2d 268, 270 (Fla. 5th DCA 1997) (*same*). Similarly, the mere fact that the tortfeasor's employment provided access to the victim does not suffice, because "[i]f that were the law, every employer could be liable for any sexual assault committed

by an employee while the employee was present for work, a conclusion that is simply not born out by Florida caselaw." *Z.M.L.*, 2021 WL 3501099, at *6.

Though this determination is a factual one, courts readily dismiss vicarious liability claims when not supported by sufficient factual allegations. *See e.g.*, *S.D.*, 2017 WL 4342363, at *3 ("*Plaintiff has failed to state a plausible claim against the City for vicarious liability for the intentional torts committed by [officer] Ortiz as they were not within the course and scope of his employment and there is no allegations that it was in furtherance of the City's business.*"); *Doe*, 2018 WL 8265221, at *3; *Casey v. City of Miami Beach*, 789 F. Supp. 2d 1318, 1321 (S.D. Fla. 2011).

Plaintiff's Amended Complaint alleges conduct clearly outside the scope of Hatten's employment with BOP.  Plaintiff alleges that Hatten used the prison as "his personal brothel."  (ECF 1, ¶54).  Plaintiff claims that Hatten "groomed, manipulated, and coerced" Plaintiff "into sexual submission . . ." (*Id.* ¶2). Plaintiff alleges that Hatten escalated his abuse to forcible rape on repeated occasions.  (*Id.* ¶3). The Amended Complaint discusses the efforts Hatten would go to so that he could avoid supervision, i.e., his employer finding out, including taking female prisoners to "blind spots within FCI Tallahassee that were not captured by security cameras . . ." (*Id.* ¶10).  According to the Amended Complaint, Hatten "knew how to identify various blind spots that fell outside the view of security cameras . . ." (*Id.* ¶45).  Hatten allegedly repeatedly took

advantage of these blind spots to repeatedly rape and fondle Plaintiff.  (*Id.*)
Plaintiff alleges that Hatten began to rape her in October 2021 on a weekly basis
until August 2022.  (*Id.* ¶14).  Plaintiff claims that Hatten would "isolate,
terrorize, and abuse his victims at his will."  (*Id.* ¶49).  Hatten allegedly made
sure he was the only officer supervising prisoners and that he would violate
protocols against that sort of isolation.  (*Id.* ¶87).  Hatten allegedly would "[f]ind
every opportunity to have unmonitored access . . ." to Plaintiff.  (*Id.* ¶104).  The
facts alleged clearly demonstrate that Hatten's conduct fell outside the scope of
his employment and claims based on his intentional conduct should be dismissed
with prejudice for lack of subject matter jurisdiction.

The alleged conduct served no purpose other than Hatten's personal,
sexual gratification and "carnal desires." *Goss*, 79 So. 3d at 132.  The Amended
Complaint admits as much by alleging that Hatten was acting to "gratify his own
desire and/or to humiliate Ms. Hernandez."  (*Id.* ¶206).  In no way could the
alleged conduct of Hatten be activated by any purpose to serve the BOP. Hatten
was not hired to sexually assault inmates. Having "stepped aside" from his
employment to satisfy his own ends, *City of Green Cove v. Donaldson*, 348 F.2d
197, 202 (5th Cir. 1965), his alleged conduct was not in furtherance of Hatten's
BOP employment; it was opposed to it. *See Hunter*, 825 F. App'x at 702 (*outside
scope where violated "policies and procedures"*). It does not matter whether Hatten

was on duty, in uniform, or on FCI Tallahassee property, because what matters was his motivation for engaging in the misconduct. *See McGhee*, 679 So. 2d at 731.

The Court lacks subject matter jurisdiction as to Counts Three, Four, and Five because the claims are premised upon intentional acts which clearly are not within the course and scope of a correctional officer's employment with BOP.

## CONCLUSION

Wherefore, the United States requests that this Court grant this motion and (a) dismiss the complaint for failure to state a claim or lack of subject matter jurisdiction; and (b) grant the United States such further relief as is just and proper.

### CERTIFICATE OF COMPLIANCE WITH RULES 7.1(B) AND 7.1(D)

The undersigned hereby certifies that this Motion, if granted, would dispose of all the claims against Defendant if granted, therefore, a local rule 7.1(B) conference is not required and was not conducted.

### CERTIFICATE OF COMPLIANCE WITH RULE 7.1(F)

The undersigned hereby certifies that this Motion and Memorandum of includes a total of 5,213 words not including the case style, signature block, and Certificate of Service.

Dated: April 26, 2024

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    */s/ Richard L. Lasseter*
LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No. 714623
RICHARD L. LASSETER
Assistant United States Attorney
Florida Bar No. 0060365
Serving pursuant to
Office of the United States Attorney
For the Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. (813) 274-6000
Fax (813) 274-6200
Randy.Harwell@usdoj.gov
Richard.Lasseter@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Whitney Untiedt
Whitney@udtlegal.Com

Jaehyun Oh
J.Oh@fuchsberg.Com

*/s/ Richard L. Lasseter*
RICHARD L. LASSETER