IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BONNIE HERNANDEZ,

   Plaintiff,

vs.                                    Case no. 4:23-cv-319-MW/MAF

UNITED STATES OF AMERICA,

   Defendant.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DFENDANT UNITED STATES' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendant, United States of America, provides this reply to Plaintiff's Memorandum of Law in Opposition to Defendant United States' Motion to Dismiss the Second Amended Complaint (ECF 46, hereinafter "Plaintiff's Response"). This reply is provided pursuant to Local Rule 7.1(I) and the Court's Order (ECF 48) granting leave to file a reply.

This reply is limited to addressing two issues: (1) the applicability of *Bolton v. U.S.*, Case No. 4:03-cv-307-RH-WCS, 347 F. Supp. 2d 1218 (N.D. Fla. Nov. 22, 2004) and its analysis of §1346(b); and (2) why the United States did not waive the jurisdictional defense of failure to exhaust administrative remedies.

### I. Conduct under the color of law, but outside the scope of employment, cannot serve as a basis for liability under the FTCA.

Plaintiff argues in her Response that Defendant is "[i]incorrect that scope of employment is the only basis for liability." *See* Response, p. 30. Plaintiff cites to an order on a summary judgment motion, *Bolton v. U.S.*, Case No. 4:03-cv-307-RH-WCS (ECF 78), 347 F. Supp. 2d 1218 (N.D. Fla. Nov. 22, 2004) and makes the argument if Hatten was acting under the color of state law, jurisdiction still exists even if he is found to be acting outside the scope of his employment.

In *Bolton*, the Court was considering summary judgment motions filed by the defendants in an FTCA claim alleging sexual abuse by a corrections officer, including a motion for summary judgment filed by the United States arguing that a corrections officer was not acting within the scope of employment. *Id.* at 1219. The Court concluded that, while the officer may have been acting outside the scope of employment, the officer was acting "under color of law" because the entire relationship with the inmate was as a correctional officer and that, according to the plaintiff, he threatened to take official action against her unless she submitted to his sexual demands. *Id.* at 1222. The Court found that "congress intended the proviso in §2680(h) "to apply to acts of law enforcement officers 'within the scope of their employment, or under color of Federal law'" *Id. citing* S. Rep. No. 93-588 (1973). This interpretation of the federal

government's liability under the FTCA conflicts with the plain language of §1346(b)(1), fails to properly construe the United States' waiver of sovereign immunity, and is not the path to recover damages for intentional torts by law enforcement officers acting under the color of law that occur outside the scope of the officer's employment.

The color of law analysis in *Bolton* improperly injected into the FTCA a basis for liability reserved for claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 400 U.S. 388 (1971). Furthermore, the Supreme Court requires the United States' waiver of sovereign immunity to be strictly construed. *McMahon v. United States*, 342 U.S. 25, 27 (1951) ("[s]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign."); *see also Hill v. United States*, 2024 WL 1326791, *1 (11th Cir. Mar. 28, 2024) (affirming dismissal of intentional tort claims that were couched in terms of negligence) *citing Lane v. Pena*, 518 U.S. 187, 192 (1996). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text [] and will not be implied." *Lane*, 518 U.S. at 192. "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text . . ." *Id.*

*Bolton* read into §1346(b)(1) the "color of law" language from legislative history of the law enforcement proviso under §2680(h). *Bolton* at 1222. Then

the Court turned to 28 U.S.C. §2674 for the language that the government is liable "in the same manner and to the same extent as a private individual under like circumstances." *Id.* *Bolton* relied on the Supreme Court decision in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), an employment discrimination case that did not involve the FTCA, for the proposition that certain conduct, even if outside the scope of employment, can be a basis for employer liability. *See Bolton*, 347 F.Supp.2d at 1222 *citing Ellerth,* 524 U.S. at 758. Doing so, *Bolton* seemingly disregarded the plain language of §1346(b)(1), "[w]hile acting within the scope of his office or employment . . ." by turning to examples of beyond-the-scope of employment conduct like those discussed *Ellerth*.

*Bolton* reasoned that "[a] private individual whose employee wields the employer's authority may, in appropriate circumstances, be held liable therefore, even if outside the scope of employment." *Id*. (internal citations omitted). It appears the court in *Bolton* injected the legislative history of the law enforcement proviso mentioning "color of law" as an additional basis to satisfy §1346(b) in ruling on the summary judgment motion. To wit, no other court has relied on *Bolton* to find that acting under color of law, but not within the scope of employment, is sufficient to hold the federal government liable under the FTCA.

However, as recognized by another district court analyzing this issue, "[e]very federal law enforcement officer 'acts under color of law' by the very nature of his position, when he acts pursuant to his apparent authority." *Daniels v. U.S.*, 470 F. Supp. 64, 67 (E.D.N.C. 1979). Looking to the congressional history of the law enforcement proviso to inform the §1346(b) analysis is improper. Defendant contends the correct analysis of §2680(h)'s relationship to §1346(b) is set forth in *Daniels.*

In *Daniels*, the Court was considering the issue of whether action under the color of law was enough to support tort liability absent a showing that the officer acted within the scope of employment. *Daniels,* 470 F. Supp. at 65. As the Court noted in *Daniels*, synthesizing the legislative history of §2680(h) with §1346(b) to provide for government liability "[n]ullifies, through disjunction, the section 1346(b) prerequisite that an agent act within the scope of his employment because every federal law enforcement officer 'acts under color of law' by the very nature of his position, when he acts pursuant to his apparent authority." *Id.* at 67. *Daniels* held that the plaintiff must show the officer was acting within the scope of his employment, even if he were acting under color of law, "[b]ecause there is no authoritative support for the latter phrase modifying and/or superseding the former." *Id.* at 68.

The proper analysis begins with whether Hatten was acting in the scope of his employment. If the scope of employment requirement of section 1346(b) is satisfied, §2680(h) may come into play in a claim seeking to hold the government liable via the FTCA. As stated in *Daniels* "[a]bsent a precise expression of Congressional intent either in the statute itself of the accompanying legislative history, it would be improper to apply section 2680(h) without first satisfying the liability requirements delineated in section 1346(b)." *Id.* (internal citations omitted).

The correctness of the reasoning in *Daniels* is confirmed by the Supreme Court's 2013 decision in *Millbrook v. U.S.*, 569 U.S. 50 (2013). In *Millbrook*, the Supreme Court was deciding whether §2680(h) was limited to only tortious conduct occurring while executing a search, seizing evidence, or making an arrest. *Id.* at 51. The Supreme Court held that the law enforcement proviso was not so limited. Importantly, the Supreme Court noted that the conduct must, nevertheless, occur in the scope of employment to hold the federal government liable. "The plain language of the law enforcement proviso answers when a law enforcement officer's 'acts or omissions' may give rise to an actionable tort claim under the FTCA. The proviso specifies that the conduct must arise from one of the six enumerated intentional torts and, by expressly cross-referencing §

1346(b), indicates that the law enforcement officer's 'acts or omissions' **must fall** "within the scope of his office or employment." *Id.* at 55 (emphasis added).

The Court should reject any argument that the United States may be liable for the conduct of Hatten which occurred under the color of Federal law but not within the scope of his employment.

## II.   Defendant did not waive the defense of exhaustion of remedies.

The United States' defense that Plaintiff failed to exhaust administrative remedies was not waived because exhaustion of administrative remedies is jurisdictional requirement for FTCA claims and therefore falls under Rule 12(h)(3), an exception to the limitation imposed by Rule 12(g)(2). Rule 12(g)(2) provides that "except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The United States' exhaustion of remedies defense is a jurisdictional defense and therefore excluded from the general prohibition under Rule 12(g)(2).

*Brooks v. Warden*, 706 Fed.Appx. 965 (11th Cir. 2017) does not support a finding of waiver. *Brooks* was analyzing the PRLA exhaustion requirement which is not a jurisdictional requirement and therefore does not implicate Rule 12(h)(3). *See Brooks*, 706 Fed.Appx. at 969. *Brooks* cited to *Bryant v. Rich*, 530

F. 3d 1368 (11th Cir. 2008) for the proposition that exhaustion under the PRLA is not jurisdictional. *Bryant,* 530 F. 3d at 1374, n. 10, *citing Woodford v. Ngo*, 548,U.S. 81, 101 (2006) (noting that the pertinent statute, §1997e(c)(2), makes it clear that the PRLA exhaustion requirement is not jurisdictional). In *Brooks*, the court held that Rule 12(h)(3) did not apply because the PRLA exhaustion requirement was not jurisdictional. *Brooks*, 706 Fed.Appx. at 969.

Unlike the PRLA exhaustion of remedies defense in *Brooks*, failure to exhaust administrative remedies is a jurisdictional pre-requisite for Plaintiff's suit under the FTCA. *See Scarbrough v. Astrue*, 327 Fed.Appx. 827, 829 (11th Cir. 2009) (holding that the requirement under 28 U.S.C. §2675(a) is a jurisdictional requirement) *citing Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). The claims procedure under §2675(a) is jurisdictional. *Lebedinsky v. United States*, case no. 1:20-cv-21911, 2020 WL 6544638 at *6 (S.D. Fla. Nov. 6, 2020) (quoting Martinez v. Minnis, 257 F. App'x 261, 263 (11th Cir. 2007); s*ee also Pompey v. Coad*, 31 Fed.Appx. 176, 179 (11th Cir. 2008) (stating that exhaustion of administrative remedies is a jurisdictional pre-requisite). The exhaustion of remedies defense asserted in the United States' Motion to Dismiss (ECF 41) was not waived and should not be considered waived under Rule 12(g)(2).

## CONCLUSION

Wherefore, the United States requests that this Court grant the United States' Motion to Dismiss (ECF 41).

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1(F)

The undersigned hereby certifies that this Motion and Memorandum of includes a total of 1,761 words not including the case style, signature block, and Certificate of Service.

Dated: August 30, 2024             Respectfully submitted,

                                            ROGER B. HANDBERG
                                            United States Attorney

By:   */Richard L. Lasseter*
      LACY R. HARWELL, JR.
      Assistant United States Attorney
      Florida Bar No. 714623
      RICHARD L. LASSETER
      Assistant United States Attorney
      Florida Bar No. 0060365
      Serving pursuant to
      Office of the United States Attorney
      For the Middle District of Florida
      400 N. Tampa St., Suite 3200
      Tampa, Florida 33602
      Tel. (813) 274-6000
      Fax (813) 274-6200
      Randy.Harwell@usdoj.gov
      Richard.Lasseter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Whitney Untiedt
Whitney@udtlegal.Com

Jaehyun Oh
J.Oh@fuchsberg.Com

By: /Richard L. Lasseter
RICHARD L. LASSETER
Assistant United States Attorney
Florida Bar No. 0060365