IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BONNIE HERNANDEZ,

Plaintiff,

vs. Case no. 4:23-cv-319-MW/MAF

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant, the United States of America, hereby responds to Plaintiff's Second Amended Complaint.

1. Admitted that Hatten was formerly employed as a Sports Specialist at FCI Tallahassee from January 5, 2020, through August 22, 2022. Otherwise denied.

2. Admitted that Plaintiff was incarcerated at FCI Tallahassee from July 7, 2015, through August 15, 2022. Otherwise denied.

3. Denied.

4. Admitted that on August 10, 2022, Plaintiff reported to BOP employees at FCI Tallahassee that she had been having sexual intercourse with

Hatten from October 2021 through August 9, 2022. Admitted that Plaintiff stated she reported the incident because the situation had become aggressive and was getting out of hand. Otherwise denied.

5. Admitted Hatten was indicted in the listed case on April 4, 2023, for sexual abuse of a ward in violation of 18 U.S.C. § 2243(b). Admitted that in the Statement of Facts in that case (ECF 21), Hatten agreed that if the case went to trial the Government could prove them beyond a reasonable doubt. Admitted that on August 14, 2023, Hatten was sentenced to 3 months imprisonment followed by 5 years of supervised release. Otherwise denied.

6. Admitted that Hatten sexually abused Plaintiff in violation of 18 U.S.C. § 2243(b). Otherwise denied.

7. Admitted that Hatten retired from his position with the BOP effective August 22, 2022. Otherwise denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted that Hatten continued to work as a sports specialist at FCI Tallahassee until August 2022. Otherwise denied.

13. Denied.

14. Admitted that Plaintiff reported to BOP employees at FCI Tallahassee that she had been having sexual intercourse with Hatten from October 2021 through August 9, 2022. Admitted that Plaintiff stated she and Hatten never used protection. Admitted that Plaintiff stated she was reporting the incident because the situation had become aggressive and was getting out of control. Otherwise denied.

15. Admitted that Hatten's job duties included the general duties of a correctional officer, including security, custody, and supervision of inmates. Admitted that Hatten was sentenced to three months imprisonment. Otherwise denied.

16. Denied.

17. Admitted only that Plaintiff has brought this action pursuant to the FTCA and alleges deficient supervision and custodial care, otherwise denied.

18. Denied that Plaintiff suffered permanent and catastrophic injuries caused by Defendant.

19. Denied the Court has subject matter jurisdiction for the reasons set forth in Defendant's Motion to Dismiss (ECF 41).

20. Admitted.

21. Admitted.

22. Admitted only that BOP received an administrative FTCA claim on behalf of Plaintiff on November 22, 2022, and that it was timely filed. Denied that all claims asserted in this action were stated in that claim, for the reasons set forth in Defendant's Motion to Dismiss (ECF 41).

23. Admitted only that BOP did not dispose of the claim submitted. Denied that Plaintiff exhausted requisite administrative remedies for the reasons set forth in Defendant's Motion to Dismiss (ECF 41).

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. The first sentence is admitted. The second sentence is admitted only insofar as it alleges that Plaintiff was transferred out of FCI Tallahassee on August 15, 2022. Otherwise denied.

29. Admitted that the United States is the appropriate Defendant and sovereign immunity under the FTCA is waived for certain claims. Otherwise denied and denied insofar as this allegation is disputed by Defendant's Motion to Dismiss (ECF 41).

30. Admitted that the BOP is an agency of the U.S. Department of Justice and part of the Executive Branch of the United States government. Otherwise denied.

31. Denied.

32. Admitted that the BOP hired Hatten and his colleagues and supervisors at FCI Tallahassee. Otherwise denied.

33. Admitted.

34. Admitted.

35. Admitted that at all times relevant, Hatten was an employee of the BOP. Otherwise denied.

36. Admitted that at all times relevant, Hatten's fellow employees at FCI Tallahassee were also employees of the BOP. Otherwise denied.

37. Denied that Plaintiff is entitled to a jury trial.

38. Defendant hereby incorporates by reference its responses to paragraphs 29-36 as if fully set forth herein.

39. Admitted.

40. Subparagraphs (a)-(d) are admitted, but subparagraph (e) misquotes the policy, which states, "All staff must report information concerning incidents or possible incidents of sexual abuse or sexual harassment to the

Operations Lieutenant, or, where appropriate, in accordance with the Program Statement Standards of Employee Conduct."

41. Admitted that pursuant to Program Statement 5324.12, the BOP is required to train all employees who may have contact with inmates on the topics specified in 28 C.F.R. § 115.31(a). Otherwise denied.

42. Denied.

43. Admitted that Hatten worked at FPC Marianna, a BOP female facility located in the State of Florida, prior to working at FCI Tallahassee. Otherwise denied.

44. Admitted that Hatten worked as a Sports Specialist at FCI Tallahassee from January 5, 2020, through August 2, 2022. Otherwise denied.

45. Denied.

46. Denied.

47. Admitted that Plaintiff reported she and Hatten had frequent access to the Recreation Building by themselves and engaged in unprotected sexual intercourse while there, on multiple occasions. Admitted that the shed that stores recreation equipment and provides office space for recreation employees is known as the "rec shack," and the upstairs area of the indoor recreation center is known as "upstairs rec." Otherwise denied.

48. The first sentence admitted. As to the second sentence, admitted that Plaintiff reported that she and Hatten would have sexual intercourse just behind the recreation office door since they both knew there were no cameras that could observe them. Otherwise denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Admitted that portions of the C.F.R. are quoted accurately. Otherwise denied.

58. Admitted that employees in the control room monitor the security cameras. Otherwise denied.

59. Denied.

60. Denied.

61. Denied.

62. This is a statement of opinion and not a factual allegation. To the extent a response is required, denied.

63. Denied.

64. Denied.

65. Admitted that general duties of correctional officers include security, custody, and supervision of inmates. Otherwise denied.

66. Admitted that in 2006, two people died after a shooting at FCI Tallahassee when FBI agents came to arrest six employees on charges of sexual abuse of inmates. Otherwise denied.

67. Denied.

68. Admitted that the BOP has received complaints alleging that Rolston sexually abused women at FCI Tallahassee. Otherwise denied.

69. Admitted that in August 2021, Golightly was indicted and pled guilty to sexual abuse of one female prisoner and was sentenced to 24 months imprisonment. Admitted that in his Plea Agreement, Golightly agreed that substantial evidence exists to support charges for sexual abuse of a ward for his conduct relating to four other uncharged victims. Otherwise denied.

70. The first sentence is admitted. Otherwise denied.

71. Admitted that 28 C.F.R. § 115.61 is quoted correctly. Otherwise denied.

72. Denied.

73. The PSI Report speaks for itself. Otherwise denied.

74. Admitted that the PREA audit reports from FCI Tallahassee published in July 2021 and July 2023 found the facility met or exceeded all standards. Otherwise denied.

75. Denied.

76. Denied.

77. Admitted that seven other female inmates reported alleged sexual abuse by Hatten to BOP or the Department of Justice Office of Inspector General. Otherwise denied.

78. Denied.

79. Denied.

80. Admitted.

81. The first sentence of this allegation is admitted. It is further admitted that pursuant to 18 U.S.C. § 4042(a) the BOP shall, among other things, "(1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide

for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]" Otherwise denied.

82. Admitted that Plaintiff initially worked in the Education Department and began working in the Recreation Yard on December 1, 2016. Otherwise without information to respond therefore denied.

83. Without knowledge therefore denied.

84. Without knowledge therefore denied.

85. Admitted that the Standards of Employee Conduct prohibit an employee from showing favoritism or giving preferential treatment to one inmate, or group of inmates, over another. Otherwise denied.

86. Without knowledge therefore denied.

87. Denied.

88. Admitted that Plaintiff reported that she had been having sexual intercourse with Hatten from October 2021. Otherwise denied.

89. Denied.

90. The first sentence is admitted. Otherwise denied.

91. Admitted that 20 C.F.R. § 115.61 is correctly quoted. Otherwise denied.

92. Admitted that Plaintiff reported that she had been having sexual intercourse with Hatten from October 2021 through August 9, 2022. Admitted

that Plaintiff reported she and Hatten had frequent access to the Recreation Building by themselves and engaged in unprotected sexual intercourse while there, on multiple occasions. Otherwise denied.

93. Denied.

94. Denied.

95. Denied.

96. Admitted that security cameras did not capture the inside of the Rec Shack or Upstairs Rec. Otherwise denied.

97. Admitted that certain correctional officers at FCI Tallahassee worked posts with responsibility for monitoring security cameras. Otherwise denied.

98. Without knowledge therefore denied.

99. Denied.

100. Admitted that Plaintiff was housed in the Special Housing Unit in Administrative Detention from October 23, 2021, through November 1, 2021. Otherwise denied.

101. Denied.

102. Without knowledge therefore denied as to the first and second sentence. Admitted that inmates housed in SHU in non-punitive Administrative

Detention status do not have the same telephone and recreation access as inmates in general population. Otherwise denied.

103. Admitted that Plaintiff was housed in the Special Housing Unit in Administrative Detention from October 23, 2021, through November 1, 2021, and November 4, 2021, through December 29, 2021. Otherwise without knowledge therefore denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied as to the first two sentences of this allegation. Without knowledge therefore denied as to the remainder of the allegation.

108. Without knowledge therefore denied.

109. Without knowledge therefore denied.

110. Denied.

111. Admitted that Plaintiff received an Incident Report for disciplinary code 228 Tattooing or Self-Mutilation on May 25, 2022, and was sanctioned with 30 days of Disciplinary Segregation in the SHU. Otherwise without knowledge therefore denied.

112. Without knowledge therefore denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Without knowledge therefore denied.

119. Admitted that on August 10, 2022, Plaintiff stated she was reporting the incident because the situation had become aggressive and was getting out of control. Otherwise denied.

120. Admitted that Plaintiff reported the incident on August 10, 2022. Otherwise without knowledge therefore denied.

121. Denied.

122. Admitted that on August 10, 2022, Plaintiff reported to BOP employees at FCI Tallahassee that she had been having sexual intercourse with Hatten from October 2021 through August 9, 2022. Admitted that a sexual assault nurse examiner conducted a forensic examination, including a rape kit. Admitted that the FBI crime laboratory's DNA analysis found the semen on vaginal swabs taken during the rape kit was more likely to be from Plaintiff and Hatten than Plaintiff and an unknown, unrelated person. Admitted that Hatten retired from his position with the BOP effective August 22, 2022. Otherwise denied.

123. Denied.

124. Denied.

125. Denied.

126. Without knowledge therefore denied.

127. Admitted.

128. Without knowledge therefore denied.

129. Admitted that male and female inmates were housed at FDC Miami. Otherwise without knowledge therefore denied.

130. The cited regulation speaks for itself. Otherwise denied.

131. Without knowledge therefore denied.

132. Admitted that Plaintiff was prescribed an anti-depressant on November 14, 2022. Otherwise without knowledge therefore denied.

133. Without knowledge therefore denied.

134. Denied.

135. Denied.

**FIRST CLAIM FOR RELIEF**
**NEGLIENCE**

136. Defendant restates its responses to paragraphs 1 through 23 and 28 through 135 as if fully set forth herein.

137. Admitted.

138. Admitted.

139. Denied.

140. Denied.

141. Admitted.

142. Denied.

143. Denied.

144. Admitted only as to the statement of duty generally and only to the extent as recognized by Florida law. Denied that Hatten was known to present a foreseeable danger to Plaintiff.

145. Admitted only that the officers had a duty to report suspicion or indication of sexual abuse. Otherwise denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Admitted that the United States is the proper Defendant in an FTCA action. Admitted that pursuant to 28 U.S.C. § 2679(b), "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." Otherwise denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Admitted that Program Statement 3420.11 requires employees to report to their CEO or other appropriate authority any violation, appearance of violation, or attempted violation of those Standards or of any law, rule, or regulation. Admitted that pursuant to Program Statement 5324.12 and 28 C.F.R. § 115.62, "When an agency learns that an inmate is subject to a substantial risk of imminent sexual abuse, it shall take immediate action to protect the inmate." Otherwise denied.

228. Admitted that pursuant to 18 U.S.C. § 4042(a) the BOP shall, among other things, "(1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]" Otherwise denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

243. Defendant hereby restates and incorporates by reference its responses to paragraphs 1 through 23, 28 through 135, and 136 through 242 as if fully set forth herein.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Admitted only to the extent recognized by the law of the State of Florida.

249. Denied.

250. Admitted that under the FTCA, the United States may be liable for the acts and omissions of its employees that occurred within the scope of their employment. Otherwise denied.

251. Denied.

252. Denied.

253. Denied.

Defendant need not respond to the remaining claims for relief contained within the Second Amended Complaint because the Third, Fourth, and Fifth Claims for Relief, inclusive of paragraphs 254 through 297, were dismissed.

Defendant denies that Plaintiff is entitled to the relief set forth on pages 87 and 88 of the Second Amended Complaint, items 1 through 5. Moreover, there is no legal entitlement to attorney's fees.

**AFFIRMATIVE DEFENESES**

1. The injuries or damages, or both, alleged in the Second Amended Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of their employment.

2. Plaintiff's Second Amended Complaint fails to state a valid cause of action for negligent infliction of emotional distress because she does not allege emotional distress because of negligent injury to another.

3. This Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust administrative remedies. Plaintiff's administrative claim asserted only the acts or omission of Hatten and did not allege the acts or omissions forming the basis of the First and Second Claims for Relief; (ii) the FTCA's discretionary function exemption bars Plaintiff's negligence theories; and (iii) the Second Amended Complaint fails to allege duties for which there is a private person analog under Florida law.

4. Plaintiff failed to exhaust her administrative remedies including failing to assert the negligent acts or omissions of others

5. Attorney's fees taken out of the judgment or settlement are governed by statute. *See* 28 U.S.C. § 2678.

6. The United States is not liable for interest prior to judgment or punitive damages. *See* 28 U.S.C. § 2674.

7. Plaintiff's claims for damages are limited to damages recoverable under 28 U.S.C. § 2674.

8. Any recovery by Plaintiff is subject to the availability of appropriated funds. *See* 42 U.S.C. § 233(k).

9. Plaintiff's negligence claims are barred by the discretionary function exception to the FTCA.

10. Plaintiff's claims are barred by the statute of limitations to the extent such claims arose more than two years prior to the filing of Plaintiff's administrative claim.

11. In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and Plaintiff's alleged injuries, cutting off the legal effect of the United States' negligence.

12. Under 28 U.S.C. §§ 24412(d)(1)(A), 2678, Plaintiff cannot recover attorney's fees from the United States and attorney's fees may not exceed 25% of any judgment or settlement.

13. Plaintiff's recovery is limited to the amount set forth in her administrative claim, $1,450,000. *See* 28 U.S.C. § 2675(b).

14. Plaintiff's damages recoverable for medical treatment or service expense are limited under Fla. Stat. Ann. § 768.0427(4).

15. In the event damages are awarded to Plaintiff in this matter, which the United States specifically denies, such an award must be reduced by the amounts paid to Plaintiff from collateral sources, as set forth in Fla. Stat. Ann. § 768.76(1).

16. Plaintiff is not entitled to a jury trial. *See* 28 U.S.C. § 2402.

17. Plaintiffs' own acts or omissions, including without limitation failure to report any alleged inappropriate conduct through the channels provided to do so, bar or reduce the recovery to which Plaintiff would be entitled. *See* Fla. Stat. Ann. § 768.81.

18. In the event Plaintiff is found to be grater than 50 percent at fault for her own harm, she may not recover against the United States. *See* Ann. § 768.81(6), Fla. Stat.

19. Recovery is barred or reduced to the extent Plaintiff failed to mitigate her damages.

20. Under Florida law, the United States is entitled to a presumption that it was not negligent in the hiring of the officers accused of wrongdoing. *See* Fla. Stat. Ann. § 768.096. Before hiring, BOP conducted a background investigation which did not reveal any information that reasonably demonstrated the unsuitability of the employees for the particular work to be performed or for the employment in general.

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

Dated: February 12, 2025

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Richard L. Lasseter*
LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No. 714623
RICHARD L. LASSETER
Assistant United States Attorney
Florida Bar No. 0060365
Serving pursuant to
Office of the United States Attorney
For the Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel. (813) 274-6000
Fax (813) 274-6200
Randy.Harwell@usdoj.gov
Richard.Lasseter@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Whitney Untiedt
Whitney@udtlegal.Com

Jaehyun Oh
J.Oh@fuchsberg.Com

*/s/ Richard L. Lasseter*
RICHARD L. LASSETER