# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BONNIE HERNANDEZ, et al.,**

*Plaintiff,*

**v.**

**UNITED STATES OF AMERICA,**

*Defendant.*

Case No.  4:23cv319-MW/MAF
4:24cv478-MW/MAF
4:25cv186-MW/MAF
4:25cv193-MW/MAF
4:25cv198-MW/MAF
**4:25cv201-MW/MAF**
4:25cv204-MW/MAF

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF SONIA CURBELO'S COMPLAINT

Defendant, the United States of America, hereby responds to Plaintiff Sonia Curbelo's Complaint filed in case number 4:25cv201.

1.      Without knowledge therefore denied.

2.      Without knowledge therefore denied.

3.      Admitted only that Plaintiff worked in the recreation department, otherwise denied.

4.      Denied.

5.      Denied.

6.      Without knowledge therefore denied.

7.      Without knowledge therefore denied.

8. Without knowledge therefore denied.

9. Admitted that Hand is still employed with BOP, otherwise without knowledge therefore denied.

10. Denied.

11. Admitted only that the Plaintiff's allegations of Hand are ongoing, otherwise denied.

12. Without knowledge therefore denied.

13. Denied.

14. Denied.

15. Admitted that Hatten continued to work as a sports specialist at FCI Tallahassee until August 2022. Otherwise denied.

16. Denied.

17. Without knowledge therefore denied.

18. Without knowledge therefore denied.

19. Without knowledge therefore denied.

20. Admitted Hatten was indicted in the listed case on April 4, 2023, for sexual abuse of a ward in violation of 18 U.S.C. § 2243(b). Admitted that in the Statement of Facts in that case (ECF 21), Hatten agreed that if the case went to trial the Government could prove them beyond a reasonable doubt. Admitted

that on August 14, 2023, Hatten was sentenced to 3 months imprisonment followed by 5 years of supervised release. Otherwise denied.

21.    Admitted.

22.    Denied.

23.    Denied that BOP refuses to prosecute officers.  Admitted only that the referenced report contains such language, otherwise denied.

24.    Admitted that Hatten retired from his position with the BOP effective August 22, 2022. Otherwise denied.

25.    Without knowledge therefore denied.

26.    Without knowledge therefore denied.

27.    Without knowledge therefore denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Without knowledge therefore denied.

34.    Admitted only that Plaintiff has brought this action pursuant to the FTCA and alleges deficient supervision and custodial care, otherwise denied.

35.    Denied that Plaintiff suffered permanent and catastrophic injuries caused by Defendant.

## JURISDICTION AND VENUE

36.    Denied that the court's jurisdiction arises under 28 U.S.C. §1331 and denied that Plaintiff's claims are predicated on any basis other than the FTCA, 28 U.S.C. §§2671, et seq.  To the extent this paragraph of the Complaint alleges Plaintiffs are stating claims which are not governed by the FTCA, Defendant denies that the court has subject matter jurisdiction.  Furthermore, Defendant denies that the court has subject matter jurisdiction over any claim premised upon decisions grounded in social, economic, and political policy.  *See* 28 U.S.C. §2680(a).

37.    Admitted.

38.    Admitted.

## CONDITIONS PRECEDENT TO THIS LAWSUIT

39.    Denied.  Plaintiff's claims as to Hand were not timely filed.

40.    Admitted only that the administrative claim has not been adjudicated, otherwise without knowledge therefore denied.

41.    Admitted as to the facts of incarceration, without knowledge therefore denied as to where Plaintiff currently resides.

42.    Admitted that the United States is the appropriate Defendant and sovereign immunity under the FTCA is waived for certain claims. Otherwise denied.

43.    Admitted that the BOP is an agency of the U.S. Department of Justice and part of the Executive Branch of the United States government. Otherwise denied.

44.    Denied.

45.    Admitted only that the BOP hired Hand and his colleagues and supervisors at FCI Tallahassee. Otherwise denied.

46.    Admitted.

47.    Admitted.

48.    Denied.

49.    Denied.

50.    Admitted only that the BOP hired Hatten and his colleagues and supervisors at FCI Tallahassee. Otherwise denied.

51.    Admitted.

52.    Admitted.

53.    Admitted only that at all times relevant Hatten was an employee of the BOP. Otherwise denied.

54.     Admitted only that at all times relevant, Hatten's fellow employees at FCI Tallahassee were also employees of the BOP. Otherwise denied.

## JURY DEMAND

55.     Denied Plaintiff is entitled to a jury trial.

## FACTUAL BACKGROUND

56.     Defendant hereby incorporates by reference its responses to paragraphs 42-54 as if fully set forth herein.

57.     Admitted.

58.     Subparagraphs (a)-(d) are admitted, but subparagraph (e) misquotes the policy, which states, "All staff must report information concerning incidents or possible incidents of sexual abuse or sexual harassment to the Operations Lieutenant, or, where appropriate, in accordance with the Program Statement Standards of Employee Conduct."

59.      Admitted that pursuant to Program Statement 5324.12, the BOP is required to train all employees who may have contact with inmates on the topics specified in 28 C.F.R. § 115.31(a). Otherwise denied.

60.     Denied.

61.     Without knowledge therefore denied.

62.     Without knowledge therefore denied.

63.     Without knowledge therefore denied.

64.    Without knowledge therefore denied.

65.    Without knowledge therefore denied.

66.    Without knowledge therefore denied.

67.    Denied.

68.    Admitted only that Hatten worked at FPC Marianna, a BOP female facility located in the State of Florida, prior to working at FCI Tallahassee. Otherwise denied.

69.    Admitted only that Hatten worked as a Sports Specialist at FCI Tallahassee from January 5, 2020, through August 2, 2022. Otherwise denied.

70.    Denied.

71.    Denied.

72.    Without knowledge therefore denied.

73.    Without knowledge therefore denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Admitted only that portions of the C.F.R. are quoted accurately. Otherwise denied.

82.    Admitted only that employees in the control room monitor the security cameras. Otherwise denied.

83.    Denied.

84.    Denied.

85.    Without knowledge therefore denied.

86.    This is a statement of opinion and not a factual allegation. To the extent a response is required, denied.

87.    Without knowledge therefore denied.

88.    Denied.

89.    Admitted only that general duties of correctional officers include security, custody, and supervision of inmates. Otherwise denied.

90.    Admitted only that in 2006, two people died after a shooting at FCI Tallahassee when FBI agents came to arrest six employees on charges of sexual abuse of inmates. Otherwise denied.

91.    Denied.

92.    Admitted that the BOP has received complaints alleging that Rolston sexually abused women at FCI Tallahassee. Otherwise denied.

8

93.     Admitted that in August 2021, Golightly was indicted and pled guilty to sexual abuse of one female prisoner and was sentenced to 24 months imprisonment. Admitted that in his Plea Agreement, Golightly agreed that substantial evidence exists to support charges for sexual abuse of a ward for his conduct relating to four other uncharged victims. Otherwise denied.

94.     The first sentence is admitted. Otherwise denied.

95.     Admitted only that 28 C.F.R. § 115.61 is quoted correctly. Otherwise denied.

96.     Denied.

97.     The PSI Report speaks for itself. Otherwise denied.

98.     Admitted only that the PREA audit reports from FCI Tallahassee published in July 2021 and July 2023 found the facility met or exceeded all standards. Otherwise denied.

99.     Denied.

100.    Denied.

101.    Without knowledge therefore denied.

102.    Admitted only that other female inmates reported alleged sexual abuse by Hatten to BOP or the Department of Justice Office of Inspector General after Hernandez reported Hatten. Otherwise denied.

103.    Denied.

104.   Denied.

105.   The first sentence of this allegation is admitted. It is further admitted that pursuant to 18 U.S.C. § 4042(a) the BOP shall, among other things, "(1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States [.]" Otherwise denied.

106.   Admitted only that Plaintiff was in C-Unit from August 17, 2020 until September 3, 2020, without knowledge therefore denied as to the remainder of this allegation.

107.   Denied.

108.   Without knowledge therefore denied.

109.   Without knowledge therefore denied.

110.   Without knowledge therefore denied.

111.   Without knowledge therefore denied.

112.   Without knowledge therefore denied.

113.   Without knowledge therefore denied.

114.   Without knowledge therefore denied.

115.  Without knowledge therefore denied.

116.  Without knowledge therefore denied.

117.  Without knowledge therefore denied.

118.  Without knowledge therefore denied.

119.  Without knowledge therefore denied.

120.  Without knowledge therefore denied.

121.  Without knowledge therefore denied.

122.  Denied.

123.  Without knowledge therefore denied.

124.  Without knowledge therefore denied.

125.  Without knowledge therefore denied.

126.  Without knowledge therefore denied.

127.  Without knowledge therefore denied.

128.  Without knowledge therefore denied.

129.  Without knowledge therefore denied.

130.  Without knowledge therefore denied.

131.  Without knowledge therefore denied.

132.  Without knowledge therefore denied.

133.  Denied.

134.  Without knowledge therefore denied.

135.    Without knowledge therefore denied.

136.    Without knowledge therefore denied.

137.    Without knowledge therefore denied.

138.    Without knowledge therefore denied.

139.    Without knowledge therefore denied.

140.    Without knowledge therefore denied.

141.    Without knowledge therefore denied.

142.    Without knowledge therefore denied.

143.    Admitted only as to the first sentence, otherwise without knowledge therefore denied.

144.    Without knowledge therefore denied.

145.    Denied.

146.    Denied.

147.    Without knowledge therefore denied.

148.    Denied.

149.    Denied.

150.    Without knowledge therefore denied.

151.    Without knowledge therefore denied.

152.    Without knowledge therefore denied.

## **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT**

153. Defendant restates its responses to paragraphs 1 through 152 as if fully set forth herein.

154. Admitted.

155. Admitted.

156. Denied.

157. Denied.

158. Admitted.

159. Denied.

160. Denied.

161. Admitted only as to the statement of duty generally and only to the extent as recognized by Florida law. Denied that Hatten and Hand were known to present a foreseeable danger to Plaintiff.

162. Admitted only that the officers had a duty to report suspicion or indication of sexual abuse. Otherwise denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.  Denied.

189.  Denied.

190.  Denied.

191.  Denied.

192.  Denied.

193.  Denied.

194.  Denied.

195.  Denied.

196.  Denied.

197.  Denied.

198.  Denied.

199.  Denied.

200.  Denied.

201.  Denied.

202.  Denied.

203.  Denied.

204.  Denied.

205.  Denied.

206.  Denied.

207.  Denied.

208.  Denied.

209.  Denied.

210.  Denied.

211.  Denied.

212.  Denied.

213.  Denied.

214.  Denied.

215.  Denied.

216.  Denied.

217.  Denied.

218.  Denied.

219.  Denied.

220.  Denied.

221.  Denied.

222.  Denied.

223.  Denied.

224.  Denied.

225.  Denied.

226.  Denied.

227.  Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Admitted that the United States is the proper Defendant in an FTCA action. Admitted that pursuant to 28 U.S.C. § 2679(b), "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." Otherwise denied.

236.   Denied.

237.   Denied.

238.   Denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Admitted only that Program Statement 3420.11 requires employees to report to their CEO or other appropriate authority any violation, appearance of violation, or attempted violation of those Standards or of any law, rule, or regulation. Admitted that pursuant to Program Statement 5324.12 and 28 C.F.R. § 115.62, "When an agency learns that an inmate is subject to a substantial risk of imminent sexual abuse, it shall take immediate action to protect the inmate." Otherwise denied.

244.   Admitted only that pursuant to 18 U.S.C. § 4042(a) the BOP shall, among other things, "(1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]" Otherwise denied. (H228)

245.   Denied.

246.   Denied.

247.  Denied.

248.  Denied.

249.  Denied.

250.  Denied.

251.  Denied.

252.  Denied.

253.  Denied.

254.  Denied.

255.  Denied.

256.  Denied.

257.  Denied.

258.  Denied.

## SECOND CLAIM FOR RELIEF

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM UNDER FEDERAL TORT CLAIM ACT**

259.  Defendant hereby restates and incorporates by reference its responses to paragraphs 1 through 258 as if fully set forth herein.

260.  Denied.

261.  Denied.

262.  Denied.

263.  Denied.

264.  Admitted only to the extent recognized by the law of the State of Florida.

265.  Denied.

266.  Admitted only that under the FTCA, the United States may be liable for the acts and omissions of its employees that occurred within the scope of their employment. Otherwise denied.

267.  Denied.

268.  Denied.

269.  Denied.

## **PRAYER FOR RELIEF**

Defendant denies Plaintiff is entitled to the relief requested paragraphs 1-5.

## **AFFIRMATIVE DEFENSES**

1.  The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of their employment.

2.  Plaintiff's Complaint fails to state a valid cause of action for negligent infliction of emotional distress because she does not allege emotional distress because of negligent injury to another.

3.      Attorney's fees taken out of the judgment or settlement are governed by statute. *See* 28 U.S.C. § 2678.

4.      The United States is not liable for interest prior to judgment or punitive damages. *See* 28 U.S.C. § 2674.

5.      Plaintiff's claims for damages are limited to damages recoverable under 28 U.S.C. § 2674.

6.      Any recovery by Plaintiff is subject to the availability of appropriated funds. *See* 42 U.S.C. § 233(k).

7.      Plaintiff's negligence claims are barred by the discretionary function exception to the FTCA.

8.      Plaintiff's claims are barred by the statute of limitations to the extent such claims arose more than two years prior to the filing of Plaintiff's administrative claim.

9.      In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence.

10.    Under 28 U.S.C. §§ 24412(d)(1)(A), 2678, Plaintiff cannot recover attorney's fees from the United States and attorney's fees may not exceed 25% of any judgment or settlement.

11.    Plaintiff's recovery is limited to the amount set forth in her administrative claims.  *See* 28 U.S.C. § 2675(b).

12.    If the United States is found liable for negligence, evidence offered to prove the amount of damages for past medical treatment or services that have been satisfied is limited to evidence of the amount actually paid, regardless of the source of payment, Fla. Stat. Ann. §768.0427(2)(a).

13.    Plaintiff's damages recoverable for medical treatment or service expense are limited under Fla. Stat. Ann. § 768.0427(4).

14.    In the event damages are awarded to Plaintiff in this matter, which the United States specifically denies, such an award must be reduced by the amounts paid to Plaintiff from collateral sources, as set forth in Fla. Stat. Ann. § 768.76(1).

15.    Plaintiff is not entitled to a jury trial. *See* 28 U.S.C. § 2402.

16.    Plaintiff's own acts or omissions, including without limitation failure to report any alleged inappropriate conduct through the channels provided to do so, bar or reduce the recovery to which Plaintiff would be entitled.  *See* Fla. Stat. Ann. § 768.81.

17.   In the event Plaintiff is found to be greater than 50 percent at fault for her own harm, they may not recover against the United States. *See* Ann. § 768.81(6), Fla. Stat.

18.   Recovery is barred or reduced to the extent Plaintiff failed to mitigate her damages.

19.   Under Florida law, the United States is entitled to a presumption that it was not negligent in the hiring of the officers accused of wrongdoing. *See* Fla. Stat. Ann. § 768.096.   Before hiring, BOP conducted a background investigation which did not reveal any information that reasonably demonstrated the unsuitability of the employees for the particular work to be performed or for the employment in general.

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

Dated: July 28, 2025.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Richard L. Lasseter*
RICHARD L. LASSETER

Assistant United States Attorney
Florida Bar No. 60365
300 N. Hogan Street, Ste. 700
Jacksonville, FL 32202
904-301-6258
richard.lasseter@usdoj.gov
*Attorneys for Defendant*
*Acting Under Authority Conferred by*
*28 U.S.C. §515*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2025, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system,

which will send notice of the filing to the following CM/ECF participants:

Whitney Untiedt
Untiedt Daboub
1600 Ponce De Leon Blvd, 10th Floor
Coral Gables, FL 33134
    Email: Whitney@udlawyers.com

Jaehyun Oh
The Jacob D Fuchsberg Law Firm
3 Park Avenue, 37th Floor
New York, NY 10016
    Email: J.Oh@fuchsberg.com

*/s/ Richard L. Lasseter*
RICHARD L. LASSETER

24