UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| BONNIE HERNANDEZ, et al., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant*. | Case No.  4:23cv319-MW/MAF <br> 4:24cv478-MW/MAF <br> **4:25cv186-MW/MAF** <br> **4:25cv193-MW/MAF** <br> **4:25cv198-MW/MAF** <br> **4:25cv201-MW/MAF** <br> **4:25cv204-MW/MAF** |

# JOINT STATUS REPORT OF THE PLANNING MEETING AND RULE 26(f) CONFERENCE

On August 14, 2025, Jaehyun Oh and Whitney Untiedt for Plaintiffs in *Jennifer Castro, et al. v. United States,* 4:25-cv-204, *Sonia Curbelo v. United States*, 4:25-cv-201, *Anne Davis, et al. v. United States*, 4:25-cv-198, *Ashley Dover, et al. v. United States*, 4:25-cv-186, and *Raven Sayers v. United States*, 4:25-cv-193 (the "2025 Cases"), and Richard L. Lasseter and Andrew Grogan, for Defendant, attended the Rule 26 conference via video conference. This report is submitted in connection with the initial Rule

26 conference in the 2025 Cases and pursuant to the court's order (ECF 70). The parties in the 2025 Cases will complete initial disclosures under Rule 26(a)(1) by Thursday, August 28, 2025.

i. Magistrate jurisdiction.

**The parties discussed referral of this matter to a magistrate judge during the Rule 26(f) conference.**

ii. The nature and basis of all claims and defenses and a good faith attempt to identify the principal factual and legal issues in dispute.

**Plaintiffs Ashley Dover, Katoria Greene, Alonia Perkins, Jennifer Castro, Ariana Clark, Sonia Curbelo, Anne Davis, Angelica Neris, Jaceta Streeter, and Raven Sayers each allege negligence and negligent infliction of emotional distress by Defendant, including through its employees, wherein each Plaintiff claims they suffered sexual abuse while incarcerated at FCI Tallahassee by Lenton Hatten, a former correctional officer at FCI Tallahassee. Additionally, Plaintiff Sonia Curbelo alleges she was sexually abused by another FCI Tallahassee correctional officer, Antoine Hand.**

> **Defendant denies all allegations of negligence by Plaintiffs and denies that it is liable to Plaintiffs for the damages alleged.**
>
> **The principal factual and legal issues are (i) whether Defendant breached a duty of care under Florida law which caused Plaintiffs' injuries; (ii) whether exceptions to the FTCA waiver of sovereign immunity apply; and (iii) the nature and extent of Plaintiffs' damages, if any.**

iii. The possibility for prompt settlement or resolution of the case and whether mediation or other alternative dispute resolution might be helpful in settlement, either now or after certain limited discovery has taken place.

> **The parties believe settlement may be possible upon the completion of pre-trial discovery including written discovery and depositions. Mediator Brett Lucas has been selected in the lead case, *Hernandez v. United States*, 4:25-cv-319.**

iv. Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, and the filing of motions and responses and whether the initial scheduling order should be revised or amended in any way.

The parties previously filed a Proposed Consolidated Schedule for the consolidated cases including the 2025 Cases (ECF 67). The dates below are consistent with that schedule.

a. Joinder of parties: **September 11, 2025.**

b. Amendments to the pleadings: **September 11, 2025.**

c. Plaintiffs' Rule 26(a)(2) expert disclosures: **December 19, 2025.**

d. Defendant's Rule 26(a)(2) expert disclosures: **February 19, 2026.**

e. Rebuttal Rule 26(a)(2) expert disclosures: **March 21, 2026.**

f. First mediation conference deadline: **March 23, 2026.**

g. Discovery deadline: **April 20, 2026.**

h. Mediation completion deadline: **May 11, 2026.**

i. Dispositive motions and responses: **May 20, 2026, for motions with responses and replies governed by local rule 56.1.**

j. *Daubert* motions: **May 20, 2026, with responses due twenty-one (21) days after filing and replies only upon leave of court as specified in the local rules.**

k. Motions in Limine: **The parties agree that motions in limine should be filed no later than forty-five (45) days prior to the trial date with responses and replies governed by the local rules.**

l. Amendments to the Initial Scheduling Order: **Scheduling Orders were entered in *Hernandez v. United States*, 4:23-cv-319 (ECF 54) and *Singletary v. United States*, 4:24-cv- (ECF 15) prior to consolidation. The parties request a new scheduling order to govern all cases consistent with the dates outlined above.**

v. The parties' respective discovery requirements in this case and, if the parties deem the initial scheduling order to be inadequate, an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect and what, if any changes should be made in

the discovery procedures and time deadlines set out in the initial secluding order or applicable rules.

**Rule 26(f)(3)(A): The parties do not require any changes in the timing, form, or requirement for disclosures under Rule 26(a).**

**Rule 26(f)(3)(B): the subjects on which discovery may be needed include liability, causation, and damages.**

**Rule 26(f)(3)(C): The parties have not identified any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced at this time.**

**Rule 26(f)(3)(D): In** *Hernandez v. United States*, **4:24-cv-319, the parties entered into a confidentiality agreement and obtained a separate Privacy Act Order (ECF 61) related to the disclosure of information or documents. It is anticipated a similar confidentiality agreement will be entered and motion for protective order will be filed concerning discovery for the 2025 Cases. If necessary, the parties will submit a proposed agreed**

  order on inadvertent disclosure if initial disclosures or subsequent discovery requests identify the need for such order.

  **Rule 26(f)(3)(E):** The parties do not propose any changes in the limitations on discovery imposed under the Rules of Federal Procedure rules or by local rule.

  **Rule 26(f)(3)(F)** The parties do not propose any other orders that the court should issue under Rule 26(c) or **under Rule 16(b) and (c) .**

vi. Whether any party will likely request or produce information from electronic or computer-based media.

  **The parties likely will not request or produce information from electronic or computer-based media. To the extent that either party requests electronic data, such request will be limited to data reasonably available to the other party in the ordinary course of business.**

vii. A good faith estimate as to when the parties believe the case will be ready for trial (month and year). This date will be set out in the joint

report, and it is not within 8 months from the date of filing of this case, an explanation must be included.

**The parties estimate the case will be ready for trial in September 2026. This is more than eight months from the filing of the case. The parties need to complete discovery, expert disclosures, and mediation or a settlement conference prior to trial.**

viii. Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case and including any applicable subject within Rule 16(c).

**Prior to consolidation, the court ordered the parties in *Singletary v. United States* and *Hernandez v. United States* to submit monthly status reports. Now that the cases have been consolidated under 4:23-cv-319, the parties request there be a single status report due every 30 days to address each of the consolidated cases.**

ix. Manual for Complex Litigation:

**The parties agree this this case should not be made subject to the Manual for Complex Litigation.**

Dated: August 19, 2025.

        Respectfully submitted,

        <u>S/ *Jaehyun Oh*\*</u>
        **JAEHYUN OH**
        The Jacob D. Fuchsberg Law Firm, LLP
        3 Park Avenue, 37th Floor
        New York, NY 10016
        New York Bar No. 5668512
        Tel: (212) 869-3500 Ext. 245
        j.oh@fuchsberg.com
        *Attorney for Plaintiff*
        *(\*Pro Hac Vice)*

        <u>S/ *Whitney Marie Untiedt*</u>
        **WHITNEY MARIE UNTIEDT**
        Untiedt Dabdoub, PLLC
        1600 Ponce De Leon Blvd., 10th Floor
        Coral Gables, FL 33134
        Florida Bar No. 15819
        Tel: (305) 330-2397
        whitney@udlawyers.com
        *Attorney for Plaintiff*

        GREGORY W. KEHOE
        United States Attorney

By:    <u>/s/ *Richard L. Lasseter*</u>
        RICHARD L. LASSETER

> Assistant United States Attorney
> Florida Bar No. 0060365
> *Acting Under Authority Conferred by*
> *28 U.S.C. §515*
> 300 N. Hogan Street, Suite 300
> Jacksonville, FL 32202
> Tel. (813) 274-6000
> Fax (813) 274-6200
> Richard.Lasseter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Whitney Untiedt
whitney@udlawyers.com

Jaehyun Oh
J.Oh@fuchsberg.Com

> */s/ Richard L. Lasseter*
> RICHARD L. LASSETER