IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

-----------------------------------------------x
Jennifer Castro and Ariana Clark,

                Plaintiffs,         Lead Case No.
                                                4:23-cv-319 (MW) (MAF)
     v.

                                                Trailing Case No.
United States of America,                    4:25-cv-204 (MW) (MAF)

                Defendant.

-----------------------------------------------x

**Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)**

Plaintiff Jennifer Castro (hereinafter "Ms. Castro") and Plaintiff Ariana Clark (hereinafter "Ms. Clark") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby make the following initial disclosures and statements in accordance with Federal Rules of Civil Procedure 26(a)(1). These initial disclosures do not include any individuals or materials that may or will be used solely for impeachment. These initial disclosures should not be interpreted as a waiver of any applicable privilege or objection including but not limited to attorney-client and/or work-product privileges. In addition, Plaintiffs' investigation into this matter is continuing and ongoing, and these initial disclosures are made based upon information that is reasonably available to Plaintiffs and their counsel at the present time. Plaintiffs hereby expressly reserve the right to supplement, add, clarify, and/or

amend any and all of the disclosures made herein pursuant to Federal Rules of Civil Procedure, including but not limited to Rule 26(e).

**1.    Rule 26(a)(1)(A)(i) - The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Plaintiffs may use to support their claims, unless the use would be solely for impeachment, are as follows**:

Plaintiffs are aware of the following individuals:

a. Any agents, servants, employees, and/or contractors of Defendant United States of America who were involved in, witnessed, and/or had knowledge of the subject incidents during relevant times, including but not limited to those individuals described in the Complaint including but not limited to: Officer Lenton Jerome Hatten (hereinafter "Hatten"), Officer Cornelius Jones, Officer Eric Love, Officer Larry Mitchell, Officer Nicole Lakoe Jackson, Officer Lee Adamson.

b. Any agents, servants, employees, and/or contractors of Defendant United States of America who witnessed and/or had knowledge of Hatten's sexually abusive conduct or the indications of such conduct as described in the Complaint.

c. Any agents, servants, employees, and/or contractors of Defendant United States of America who witnessed and/or had knowledge of Ms. Castro's injuries and damages.

d. Any agents, servants, employees, and/or contractors of Defendant United States of America who witnessed and/or had knowledge of Ms. Clark's injuries and damages.

e. All medical, mental health, clinical, psychiatric, and nursing providers who cared for, treated, and/or consulted with Plaintiff Ms. Castro during and/or after the relevant time period including, but not limited to, providers listed in Defendant's records, including Bureau of Prisons charts and records, for which a HIPAA-complaint authorization to obtain said records is attached

    hereto as part of <u>Exhibit 1</u>. A copy of Ms. Castro's BOP records that Plaintiffs possess and may use to support their claims, are annexed hereto as <u>Exhibit 3</u>. This is not an exhaustive list; Plaintiffs reserve the right to call at the time of trial any and all individuals named in Ms. Castro's medical, mental health, clinical, psychiatric, and/or nursing records, including the records that are in Defendant's possession at this time.

f.  All medical, mental health, clinical, psychiatric, and nursing providers who cared for, treated, and/or consulted with Plaintiff Ms. Clark during and/or after the relevant time period including, but not limited to, providers listed in Defendant's records, including Bureau of Prisons charts and records, for which a HIPAA-complaint authorization to obtain said records is attached hereto as part of <u>Exhibit 2</u>. A copy of Ms. Clark's BOP records that Plaintiffs possess and may use to support their claims, are annexed hereto as <u>Exhibit 4</u>. This is not an exhaustive list; Plaintiffs reserve the right to call at the time of trial any and all individuals named in Ms. Clark's medical, mental health, clinical, psychiatric, and/or nursing records, including the records that are in Defendant's possession at this time.

g.  Any agents, servants, employees, and/or contractors of Defendant United States of America who were involved with the investigation and/or prosecution of Hatten in relation to the subject incidents, including Special Investigative Services and/or Special Investigative Agents of the Bureau of Prisons, investigatory personnel, administrators, warden, agents from the Office of Inspector General, agents from the Federal Bureau of Investigation, and agents of United States Attorney's office.

h.  To the extent not identified above, any and all other persons including correctional officers, other staff, administrators, unit managers, counselors, unit team, guards, lieutenants, captains, wardens, as well as health care providers, nurses, physicians, and assistants who cared for, treated, and/or consulted with Plaintiffs at FCI Tallahassee.

i.  To the extent not identified above, any other prior and/or current agents, servants, employees, and/or contractors of Defendant United States of America who were employed at FCI Tallahassee during the relevant time period and witnessed and/or had knowledge of the subject incidents and/or Plaintiffs' interactions with Hatten, pain and suffering, and injuries and damages.

j. Any incarcerated persons, including Plaintiffs in the consolidated cases, or other individuals including Plaintiffs' families, who witnessed and/or had knowledge of Hatten's sexually abusive conduct or the indications of such conduct as described in the Complaint.

k. Any incarcerated persons, including Plaintiffs in the consolidated cases, or other individuals including Plaintiffs' families, who witnessed and/or had knowledge of the subject incidents and/or Plaintiffs' interactions with Hatten, pain and suffering, and injuries and damages during and subsequent to the relevant time period.

l. To the extent not identified above, any individuals to be identified by Defendant in its initial disclosures.

m. To the extent not identified above, any individuals identified or to be identified by any party to this case or any of the consolidated cases, during discovery.

n. To the extent not identified above, any individuals identified or to be identified by any third party in connection with this case or any of the consolidated cases, during discovery.

o. To the extent not identified above, any individuals to be deposed or subpoenaed during the pendency of this lawsuit or any of the consolidated cases.

**2.     Rule 26(a)(1)(A)(ii) – A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the Plaintiffs have in their possession, custody, or control and may use to support their claims, unless the use would be solely for impeachment, are as follows**:

Plaintiffs may rely upon any and all records, reports, video recordings, photographs, surveillance videos, notes, memoranda, correspondence, correctional

facility records, investigative records, court records, medical records, mental health and psychiatric records, clinical records, health records, personnel records, employment records, and other things relating to the subject incident in support of Plaintiffs' claims in this action. In addition, please find enclosed the following items in Plaintiffs' possession:

  a. HIPAA-compliant authorizations for the Release of Records and Information for Ms. Castro are annexed as <u>Exhibit 1</u>, addressed to the following providers, offices, and/or agencies:
     i. FOIA/PA Section, Office of General Counsel, Federal Bureau of Prisons;
     ii. FCI Tallahassee;

  b. HIPAA-compliant authorizations for the Release of Records and Information for Ms. Clark are annexed as <u>Exhibit 2</u>, addressed to the following providers, offices, and/or agencies:
     i. FOIA/PA Section, Office of General Counsel, Federal Bureau of Prisons;
     ii. FCI Tallahassee.

  c. A copy of Plaintiff Ms. Castro's BOP records in counsel's possession are contained on the enclosed disc as <u>Exhibit 3</u>.

  d. A copy of Plaintiff Ms. Clark's BOP records in counsel's possession are contained on the enclosed disc as <u>Exhibit 4</u>.

  e. Ms. Castro's court filing in the matter against Paul Rolston, P.A. et al., 4:21-232 (AW) (MAF) is contained on the enclosed disc as <u>Exhibit 5</u>.

  f. Ms. Castro's prior submissions in relation to the subject incident, including her SF-95 torts claim form, BOP's denial letter, her grievance submissions, BOP's responses thereto, DOJ's correspondence through counsel, and her victim impact statement submitted to the United States Attorney's Office, are contained on the enclosed disc collectively as <u>Exhibit 6</u>.

    g. Ms. Clark's prior submissions in relation to the subject incident, including her SF-95 torts claim form, and the BOP's denial letter, are contained on the enclosed disc collectively as <u>Exhibit 7</u>.

    h. Plaintiffs may also rely upon Program Statements, regulations, rules, and/or procedures that Defendant's employees were required to follow during relevant time periods, including those that are in Defendant's possession at this time and those that Defendant has published through its website:
https://www.bop.gov/PublicInfo/execute/policysearch?todo=query.

    i. Plaintiffs may also rely upon any documents produced or filed by any party to this case or any of the consolidated cases. These include, but are not limited to, Plaintiff's initial disclosures and Exhibits 1-6 thereto, as well as Plaintiff's Responses to Interrogatories and Requests for Production and Exhibits 1-4 thereto, in the lead case, *Hernandez v. United States*, 4:23-cv-319 (MW) (MAF).

    j. Plaintiffs may also rely upon any documents produced or filed by any third party in connection with this case or any of the consolidated cases.

    k. Plaintiffs may also rely upon any documents produced or filed in connection with any prosecutions and/or disciplinary proceedings against Hatten related to the subject incidents.

**3.    Rule 26(a)(1)(A)(iii) – A computation of each category of damages claimed by the Plaintiffs, making available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, as presently known and available to the Plaintiffs is as follows**:

Plaintiffs seek an award of compensatory damages in an amount to be determined at trial, an award of pre- and post-judgment interest as permitted by law, and an award of attorneys' fees and costs as permitted by law, based on their

permanent and severe personal injuries, pain and suffering, emotional and psychological injuries, loss of enjoyment of life, anxiety, humiliation, traumatization, depression and other harm, including but not limited to those injuries identified in the Complaint and as revealed in the relevant records, including the records annexed as <u>Exhibits 3-7</u> hereto, the records that shall be provided by Defendant through HIPAA-compliant authorizations annexed as <u>Exhibits 1-2</u> hereto, and the records that were already provided to or by Defendant in *Hernandez v. United States*, 4:23-cv-319 (MW) (MAF).

**4.     Rule 26(a)(1)(A)(iv)** – **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment is as follows**:

There are no such insurance agreements in the Plaintiffs' possession.

Plaintiffs reserve the right to supplement or otherwise amend any and all of these disclosures in the future in accordance with the Federal Rules of Civil Procedure, the District's Local Rules, and the Consolidated Scheduling and Mediation Order entered on August 20, 2025 (ECF 80).

Dated:     August 28, 2025

| | |
|---|---|
| S/ Jaehyun Oh<br>**JAEHYUN OH**<br>The Jacob D. Fuchsberg Law Firm, LLP | S/ Whitney Marie Untiedt<br>**WHITNEY MARIE UNTIEDT**<br>Untiedt Dabdoub, PLLC<br>1600 Ponce De Leon Blvd., 10th Floor, |

3 Park Avenue, 37th Floor,
New York, NY 10016
New York Bar No. 5668512
(*pro hac vice*)
Tel: (212) 869-3500 Ext. 245
j.oh@fuchsberg.com
*Attorney for Plaintiffs*

Coral Gables, FL 33134
Florida Bar No. 15819
Tel: (305) 330-2397
whitney@udlawyers.com
*Attorney for Plaintiffs*

8

## DECLARATION OF SERVICE
## PURSUANT TO 28 U.S.C. § 1746

I, Jaehyun Oh, hereby certify, under penalty of perjury, that the following is true and correct:

I am over 18 years of age, I am not a party to the action, and I reside in New York County in the State of New York. I served a true copy of the annexed **PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**, dated **August 28, 2025**; on the date of August 28, 2025, by electronic mail and physical mail to the office of counsel for the defendants located at the address indicated below and registered on the e-filing/Pacer system:

**Attn: Richard L. Lasseter, Esq.**
**Assistant United States Attorney**
Office of the United States Attorney
Middle District of Florida
300 North Hogan Street, Suite 700
Jacksonville, FL 32202
Tel. (813) 274-6000
Richard.lasseter@usdoj.gov

I certify under the penalty of perjury that the above is true and correct.

Executed on August 28, 2025, New York, NY.

*/s/ Jaehyun Oh*
Jaehyun Oh, Esq.
THE JACOB FUCHSBERG LAW FIRM, LLP
*Counsel for Plaintiffs*
3 Park Avenue, 37th Floor
New York, New York 10016
Tel.: (212) 869-3500, ext. 245
Fax: (212) 398-1532
j.oh@fuchsberg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2025, pursuant to the Initial Scheduling Order (ECF 54), I electronically filed the foregoing document without the enclosures with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record as CM/ECF participants. I also electronically served and mail-served the foregoing document with the enclosures to the following counsel for the Defendant:

Richard L. Lasseter
Richard.Lasseter@usdoj.gov

S/ Jaehyun Oh
**JAEHYUN OH**
